Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Stephen A. Raher, OSB No. 095625
SRaher@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LNV CORPORATION, a Nevada corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>DENISE SUBRAMANIAM,<br><br>            Defendant. | Case No. 14-1836<br><br>COMPLAINT |

Plaintiff LNV Corporation ("Lender"), for its complaint for judicial foreclosure, alleges as follows:

**PARTIES**

1.      Lender is a corporation duly formed under the laws of the state of Nevada, with its principal place of business in the state of Texas.

2.      Defendant Denise Subramaniam ("Borrower") is an individual citizen of, and resides in, the state of Oregon.

1-    COMPLAINT

79707-0017/LEGAL123433268.5

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in the District of Oregon because Borrower resides in the state of Oregon and the Property (as defined herein) is situated in the state of Oregon.

## FACTS AND BACKGROUND

5. On or about February 10, 2004, People's Choice Home Loan, Inc. ("Original Lender") made a $176,000.00 loan (the "Loan") to Borrower.

6. The Loan is evidence by that certain Adjustable Rate Note (the "Note," a true and correct copy of which is attached hereto as **Exhibit 1**) dated as of February 10, 2004, in the principal amount of $176,000.00, signed by Borrower and delivered to Original Lender.

7. Pursuant to the terms of the Note, the entire unpaid balance of the Loan is due and payable on the earlier of March 1, 2034, or upon acceleration of the loan.

8. The performance of Borrower's obligations under the Note are secured by a first position lien on certain real property known as Lot 4, Block 2, Devonshire, situated in Washington County, more commonly known as 13865 SW Walker Road, Beaverton, Oregon (the "Property"), as evidenced by that certain Deed of Trust dated as of February 10, 2004, and recorded in the official records of Washington County, Oregon on March 1, 2004, as Instrument Number 2004-019937 (the "Trust Deed," a true and correct copy of which is attached hereto as **Exhibit 2**).

9. The Note, the Trust Deed, and all other documents that evidence, secure, or relate to the Loan are hereinafter collectively referred to as the "Loan Documents."

10. Original Lender negotiated the Note to Residential Funding Company, LLC ("RFC") by indorsing the Note to the order of RFC and delivering possession thereto.

2- COMPLAINT

79707-0017/LEGAL123433268.5

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

11. RFC negotiated the Note to Lender by indorsing the Note to the order of Lender and delivering possession thereto.

12. Lender is currently in possession of the original Note.

13. Lender is the current beneficiary of the Trust Deed: (1) by virtue of being the current payee and holder of the Note (performance of which the Trust Deed secured) indorsed to the order of Lender, and (2) pursuant to a series of duly executed and publicly recorded assignments of the Trust Deed, concluding with an assignment from RFC to Lender, executed on or about March 10, 2008, and recorded in the official records of Washington County, Oregon on August 27, 2008, as Instrument Number 2008-073972 (a true and correct copy of which is attached hereto as **Exhibit 3**).

14. Borrower has defaulted on her obligations under the Loan Documents by, among other things, failing to make payments when due.

15. On or about May 21, 2012, Lender declared the entire unpaid balance of the Loan due and payable.

16. Borrower has failed to pay the balance of the Loan upon Lender's acceleration, which constitutes an event of default under the Loan Documents.

17. Borrower has not cured her defaults and remains in default under the Loan Documents.

18. Lender has not waived Borrower's defaults.

19. Previously, on or about September 18, 2012, Borrower filed a complaint in this Court against Lender and numerous other defendants (including a series of present and past public officials), captioned *Subramanian v. Beal et al.*, Case No. 12-cv-01681 (the "Prior Action"). On or about January 14, 2013, Borrower filed an amended complaint (Prior Action, ECF No. 20, a true and correct copy of which is attached hereto as **Exhibit 4**) against Lender and numerous other defendants, alleging, inter alia, various tort claims against Lender arising out of and relating to the Loan Documents. By opinion and order dated September 27, 2013 (Prior

3-    COMPLAINT

79707-0017/LEGAL123433268.5

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Action, ECF No. 138, a true and correct copy of which is attached hereto as **Exhibit 5**), Judge Mosman dismissed the Prior Action as against Lender and all other defendants, with prejudice.

20. As of November 17, 2014, there was and still is due, owing, and payable on the Loan: (a) the principal sum of $171,450.72; (b) accrued interest in the amount of $102,842.80; (c) disbursements and advances of $40,211.75; (d) late charges of $2,687.43; and (e) miscellaneous charges, recording fees, inspection fees, insurance premiums, foreclosure costs, attorney fees, and costs of suit not yet determined. An additional $32.83 in interest must be added to the amount due for each day thereafter to calculate the total amount due under the Loan.

21. Section 22 of the Trust Deed provides that, following an event of default, Lender "may invoke the power of sale and any other remedies permitted by Applicable Law."

22. On or about January 8, 2014, Lender duly executed an Oregon Foreclosure Avoidance Program Beneficiary Exemption Affidavit and delivered the same to the Attorney General of Oregon, which affidavit evidences Lender's qualification for exemption from the provisions of Oregon Revised Statute 86.726(2) and (3).

## FIRST CAUSE OF ACTION
### Judicial Foreclosure of Trust Deed

23. Lender realleges and incorporates by references, as if fully set forth herein, the allegations in paragraphs 1 through 22 above.

24. On or about February 10, 2004, for valuable consideration, Borrower executed and delivered to Original Lender the Loan Documents, including the Trust Deed encumbering the Property.

25. The Trust Deed is given to secure payment of the Note and performance of all of Borrower's obligations under the Loan Documents.

26. Original Lender caused the Trust Deed to be duly recorded in the public records of Washington County.

4-    COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

79707-0017/LEGAL123433268.5

27. By virtue of the negotiation of the Note, Lender is the holder of the Note and the beneficiary of the Trust Deed.

28. Borrower has defaulted on her obligations under the Loan Documents.

29. Lender has performed all its obligations under the Loan Documents.

30. Lender has no adequate remedy at law.

31. Lender is entitled to the judicial foreclosure of the Trust Deed and the sale of the Property as provided for by law and by the Trust Deed.

32. Lender is entitled to a declaration that all other interests in the Property are inferior and subordinate to Lender's Trust Deed.

33. In the event of foreclosure and sale of the Property, Lender or any other purchaser at the sale should be entitled to immediate possession of the Property.

34. Lender is entitled to recover its reasonable attorney fees and costs incurred in bringing this action for judicial foreclosure, pursuant to section 7(E) of the Note and section 22 of the Trust Deed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff LNV Corporation prays for the following relief:

A. Judgment in favor of Lender, and against Borrower, in the amount of $317,192.70, plus prejudgment interest accrued after November 17, 2014, post judgment interest, advances made by Lender to protect its interests, and any other amounts to which Lender is entitled by law or pursuant to the Loan Documents (the "Judgment");

B. That it be further adjudged that (1) the Trust Deed is valid, (2) the rights of the Borrower and persons claiming by, through, or under her in the Property: (a) are adjudged inferior and subordinate to Lender's interest in the Property, and (b) are foreclosed of all interests or claims in the Property except any statutory right of redemption; (3) the foreclosure sale of the Property occur in the manner prescribed by law; (4) the proceeds from such sale first be applied

5-    COMPLAINT

79707-0017/LEGAL123433268.5

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

to the costs of the sale and then toward satisfaction of the Judgment; and (5) Lender is entitled to be a bidder and purchaser at the foreclosure sale of the Property.

      C.      For judgment against Borrower for Lender's costs of suit including reasonable attorney fees, as allowed under the Loan Documents; and,

      D.      For such other relief as the Court may deem just and proper.

DATED:  November 18, 2014

/s/ Stephen A. Raher
Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Stephen A. Raher, OSB No. 095625
SRaher@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

6-   COMPLAINT

79707-0017/LEGAL123433268.5

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222