Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION** <br> **Plaintiff,** <br> v. <br> **DENISE SUBRAMANIAM** <br> pro per <br> **Defendant** | Civil Case No. 3:14-cv-01836 <br><br> **DEFENDANT'S RESPONSE TO** <br> **LNV'S AMENDED COMPLAINT** |

### DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF INFORMATION AND CRIMINAL INDICTMENT AND PLEA AGREEMENT OF LORRAINE BROWN

Comes now Defendant, Denise Subramaniam, representing herself, pursuant to Federal Rule 201 Judicial Notice of Adjudicative Facts and hereby requests this Court take judicial notice of the documents described herein and in support states as follows:

1. THE DEFENDANT moves this Court to take judicial notice of:

    ***Information regarding Lorraine Brown, United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.)*** (attached hereto as "Exhibit A.)

    ***Plea Agreement of Lorraine Brown, United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.)*** (attached hereto as "Exhibit B.)

2. <u>Federal Rule of Evidence 201</u> - Judicial Notice of Adjudicative Facts:

    (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

    (b) **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

        (1) is generally known within the trial court's territorial jurisdiction; or

        (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

    (c) **Taking Notice.** The court:

        (1) may take judicial notice on its own; or

        (2) **must** take judicial notice if a party requests it and the court is supplied with the necessary information.

    (d) **Timing.** The court may take judicial notice at any stage of the proceeding.

    (e) **Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

    (f) **Instructing the Jury.** <u>In a civil case, the court **must**</u> instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

The Court may take judicial notice of records of any court of record of the United States.

3. On November 20, 2012, Lorraine Brown, a former executive of Lender Processing Services, Inc. (LPS) and DocX LLC, a LPS company, pleaded guilty to conspiracy to commit mail and wire fraud.

4. In mid-2005, Jacksonville, Florida based Fidelity National Financial, Inc. (FNF) purchased DocX from Brown and her partners. Through corporate reorganizations within FNF, DocX later fell under ownership of Fidelity National Information Services, Inc. (FNIS). In mid-2008, FNIS spun off a number of business lines into a new publicly traded entity, Lender Processing Services, Inc (LPS) based in Jacksonville, Florida. At that time, DocX was re-branded as "LPS Document Solutions, a Division of LPS." Following the spin-off, Brown was the President and Senior Managing Director of LPS Document Solutions. At all times relevant to this Information, Brown was the chief executive of the DocX / LPS operations.

5. THE DEFENDANT moves this Court to take Judicial Notice of Brown's information and Plea Agreement because the documents confirm that LPS employees and others engaged in a massive fraud scheme in the preparation of hundreds of thousands of mortgage-related documents, including Mortgage Assignments, and Mortgage Allonges and PLAINTIFF contends that the Mortgage Assignments and Mortgage Allonges prepared and filed by LPS in her case, bearing the purported signatures of Dana Lantry, Debra Lyman, Laura Herrera, Masse Adjetey, Jason J. Vecchio, Betty Wright, Diane M. Meistad, Pamela Campbell, Rosyln Hall, B. Burdine, Enedina O. Sanchez, Mary K. Olsen, and Bernadette McDonnell are such fraudulent mortgage assignments.

6. By way of background, LPS was hired by residential mortgage services to (among other things) assist in creating and executing mortgage-related documents filed with recorders' offices across the country.

7. At the direction of Brown and other co-conspirators, employees of LPS, including those who were not authorized to sign documents and temporary workers hired to sign documents without quality control and without legally required knowledge specific to the Mortgages for which the documents were prepared, began forging and falsifying signatures of the mortgage-related documents that they had been hired to prepare and file with property recorders' offices.

8. After these documents were falsely signed and falsely notarized, Brown and her coconspirators authorized LPS employees to file and record with property recorders' offices across the country.

9. Many of LPS's temporary employees signed thousands of mortgage assignments each day, often signing the names of other persons on the Mortgage Assignments that would

then be witnessed and notarized. These employees often signed as officers of banks and mortgage companies. The employees signed without reading the documents or in any way ascertaining the truth of the matter presented therein, including the grantor, grantee, and the date of the purported transfer.

10. Many of the documents, including mortgage assignments and lost note affidavits, were later relied upon in court proceedings including foreclosure proceedings and federal bankruptcy actions.

11. Brown admitted that she and others took various steps to conceal their actions from law enforcement authorities and others. These steps to conceal included testing new employees to ensure they could mimic [forge] signatures.

12. The documents attached hereto as Exhibits "A" and "B" may be accessed online from PACER under United States of America v. Lorraine Brown, Criminal Docket # 3:12-cr-00198-HLA-MCR-1.

13. Timely written notice of this request is hereby given by email and postal mail service upon Defendants' counsel as required by law.

14. WHEREFORE, pursuant to Federal Rule of Evidence 201 THE PLAINTIFF moves this Court to take Judicial Notice of the Information and Plea Agreement of Lorraine Brown United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.) without hearing and for such other and further relief as this Court deems just and proper under the circumstances.

_____
Denise Subramaniam, Pro-per