FILED13MAR '15 15:05USDC-ORP

Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION** | Civil Case No. 3:14-cv-01836 |
| **Plaintiff,** | |
| **v.** | **NOTICE OF AFFIDAVIT** |
| **DENISE SUBRAMANIAM** | **TO SUPPORT MEDICAL** |
| **pro per** | **CONTINUANCE** |
| **Defendant** | |

### DEFENDANT'S NOTICE OF AFFIDAVIT TO SUPPORT MOTION FOR MEDICAL CONTINUANCE

1.    Here comes Defendant Denise Subramaniam, representing herself, and hereby makes notice of the following:

2.    Whereas Defendant filed a motion for medical continuance on March 3, 2015 which was wrongfully opposed by LNV's counsel as being unsubstantiated when they knew, or should have known it was substantiated because Defendant emailed them copies of her medical records in confidence on December 18, 2014 to substantiate an extension of time to file her response to Plaintiff's complaint. These medical records evidenced serious degenerative spinal conditions and Defendant had in her email informed counsel for Plaintiff that surgery was a possibility; yet for motives unknown to Defendant, Plaintiff's counsel, although while agreeing to allow a short extension of time and agreeing to prepare and file a joint motion, Plaintiff's counsel refused to

inform the court as to the medical cause for such extension. Similar extensions of time were needed based on medical reasons and handled in the same manner.

3.     On March 2, 2015 counsel for Plaintiff, Gabrielle D. Richards, was out of the office when Defendant phoned to ask if she would oppose a motion for medical continuance. Although Defendant was told someone from Perkins Coie would call her back, no one did and due to the urgency of medical need for spinal surgery Defendant filed her own motion for medical continuance, which LNV's counsel opposed. In LNV's opposition its counsel claimed they did not know of any medical cause for a continuance and implied Defendant had fabricated the letter from her doctor. Relying on these intentional misleading allegations Judge Mosman denied Defendant's motion for medical continuance. In his denial Order he specified that Defendant needed to provide the court with an affidavit from her physician.

4.     However because of the late hour in which Defendant was unduly informed of the need for the affidavit and because there was no notary available at the hospital the affidavit is witnessed by the doctor's assistant.

5.     **WHEREFORE** Defendant has now obtained an affidavit from her physician and hereby submits such to the court in support of her motion for medical continuance. She prays that the court will acknowledge the urgent need for a medical continuance in light of Defendant's medical records already in court record.

Respectfully,

Denise Subramaniam



**THE OREGON CLINIC**

Specialty Medicine
with Commitment,
Care & Compassion

## Microneurosurgical Consultants

March 13, 2015

STATE OF OREGON
COUNTY OF WASHINGTON

AFFIDAVIT OF DR. MICHAEL SANDQUIST

**RE:   SUBRAMANIAM, DENISE**
**DOB:  09-16-1954**

Dear Sir or Madam:

Ms. Denise Subramaniam is a patient of mine scheduled to undergo a
surgical procedure on March 17, 2015.  The surgery is medically
necessary and should not be unduly delayed.  I would request that
allowances be made for her recovery for up to two months following
surgery, barring any other issues or complications; she may not be
able to participate in the legal proceedings during the recovery
process.

If you have any questions or concerns, please do not hesitate to
contact me.

Cordially yours,

Michael A. Sandquist, M.D.
The Oregon Clinic Neurological Surgery
MAS/clr

Witness:

Shelly Stone, RMA