**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Gabrielle D. Richards**, OSB No. 114992
GRichards@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LNV CORPORATION, a Nevada corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>DENISE SUBRAMANIAM,<br><br>                    Defendant. | Case No. 3:14-cv-01836-MO<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>REQUEST FOR ORAL ARGUMENT |

1- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
LEGAL126411462.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LOCAL RULE 7-1 COMPLIANCE

Pursuant to Local Rule 7-1(a), the undersigned counsel for Plaintiff conferred in good faith with Defendant by telephone on March 8, 2015, and the parties were unable to reach a resolution of this matter.

## MOTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff LNV Corporation ("LNV"), moves this Court for summary judgment on its claim for judicial foreclosure of a trust deed. This motion is supported by the following memorandum, the Declaration of Michelle Conner in Support of Plaintiff's Motion for Summary Judgment ("Conner Declaration") filed concurrently herewith, the exhibits attached thereto, and the records on file with the Court in this action.

## MEMORANDUM IN SUPPORT OF MOTION

### I.  INTRODUCTION

This is a straightforward case about the Defendant's failure to repay her home loan and LNV's right, as the holder of the corresponding note and trust deed, to seek judicial foreclosure. The facts are simple. In February 2004, Defendant borrowed a substantial sum of money and secured the obligation to repay the loan with a deed of trust on her home. The loan was documented in a note. In April 2007, more than eight years ago, Defendant defaulted on the note and trust deed by failing to make her monthly payment when it was due. She failed to cure the default by not paying the accelerated principal payments. As the current holder of the note and beneficiary of the trust deed, LNV has the right to foreclose on the trust deed.

This case has nothing to do with Bear Stearns, collateralized debt obligations, or mortgage fraud. To the extent Defendant raises any such arguments or allegations in response to this motion, the Court should disregard them because this Court dismissed with prejudice all of Defendant's claims as to all defendants in *Subramaniam v. D. Andrew Beal, et al.* See *Subramaniam v. Beal*, No. 3:12-cv-1681-MO, 2013 WL 5462339 (D. Or. Sept. 27, 2013).

2- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
LEGAL126411462.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendant's claims in that case "centered around the mortgaging and threatened foreclosure of her home." *Id.* at *1. As the Court's prior dismissal established, those claims were without merit.

For the reasons stated herein, LNV respectfully requests that the Court grant its motion for summary judgment and enter a judgment of foreclosure in favor of LNV so that LNV may obtain judicial foreclosure of the trust deed.

## II.     STATEMENT OF FACTS

### A.     Defendant Borrowed $176,000

On or about February 10, 2004, People's Choice Home Loan, Inc. ("People's Choice") made a loan to Defendant in the amount of $176,000 (the "Loan"). (Conner Decl. ¶ 6, Ex. 1, at 1.) The Loan is evidenced by an Adjustable Rate Note dated February 10, 2004 (the "Note"). (*Id.* ¶ 7, Ex. 1.)

Defendant's repayment of the Loan and her performance under the Note are secured by a Deed of Trust dated February 10, 2004 ("Trust Deed"). (*Id.* ¶ 8, Ex. 2, at 3.) Defendant pledged the home located at Lot 4, Block 2, Devonshire, in the County of Washington, State of Oregon, more commonly known as 13865 SW Walker Road, Beaverton, Oregon 97005 (the "Property"), as security under the Trust Deed. (*Id.* ¶ 8, Ex. 2, at 3, 19.) Section 22 of the Trust Deed provides that the holder of the Note "may invoke the power of sale and any other remedies permitted by Applicable Law" in the event of an uncured default. (*Id.* Ex. 2, at 13.)

### B.     LNV Is the Current Holder of the Note and Beneficiary of the Trust Deed

Through two allonges, LNV became and currently is the holder of the Note. People's Choice transferred the Note to Residential Funding Company, LLC ("RFC") by endorsing the Note to the order of RFC in an allonge and delivering the Note and allonge to RFC. (*Id.* Ex. 1, at 6.) RFC transferred the Note to LNV by endorsing it to the order of LNV in an allonge and delivering the Note and allonges to LNV. (*Id.* Ex. 1, at 7.) LNV is now the holder of the Note.

3- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
LEGAL126411462.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In addition, LNV is the current beneficiary of the Trust Deed. On or about March 10, 2008, RFC assigned its beneficial interest in the Trust Deed to LNV ("Trust Assignment"). (*Id.* Ex. 3, at 2.) The Trust Assignment was recorded in the official records of Washington County, Oregon on August 27, 2008 as Instrument Number 2008-073972. (*Id.* Ex. 3, at 1.) Under the Trust Assignment, LNV is the current beneficiary of the Trust Deed. MGC Mortgage, Inc. ("MGC") is the loan servicer for LNV. (*Id.* ¶ 1.) MGC and LNV are affiliated entities with common ownership. (*Id.*)

### C. Defendant Defaulted on the Note and Trust Deed

Under the Note, Defendant was required to make monthly payments on the first day of each month beginning on April 1, 2004. (*Id.* ¶ 11, Ex. 1, at 1.) The failure to pay the full amount of each monthly payment by the due date constituted a default. (*Id.* ¶ 11, Ex. 1, at 3.) Furthermore, Defendant was obligated to pay when due her debt on the Note under Section 1 of the Trust Deed. (*Id.* ¶ 11, Ex. 2, at 3.) Under Section 22 of the Trust Deed, a failure to make full and timely payments on the Note constituted a breach of the Trust Deed and a default thereon. (*Id.* ¶ 11, Ex. 2, at 13.)

Defendant breached her obligations under the Note and Trust Deed by failing to pay her monthly payments when due, beginning with the payment due on April 1, 2007. (*Id.* ¶ 13.) A loan status report (aka Payoff Statement) generated from MGC's computer systems on June 5, 2015 ("Loan Status Report"), shows "[t]his loan is due for the April 01, 2007 payment." (*Id.* Ex. 4, at 1.) The Loan Status Report also shows that, as of June 15, 2015, the total amount to pay the Loan in full will be $324,557.19 and that the current unpaid principal balance is $171,450.72. (*Id.*) Defendant has been in default on the Note and Trust Deed for over eight years.

In the event of an uncured default, LNV had the right to accelerate the principal payments on the Note and require immediate payment in full of all sums owed under the Note that are secured by the Trust Deed. (*Id.* ¶ 12, Ex. 1, at 3, Ex. 2, at 13.) In December 2010, MGC sent

4- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEGAL1264
11462.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendant a notice of default ("Notice of Default").  (*Id.* ¶ 14, Ex. 5.)  Pursuant to Section 22 of the Trust Deed, the Notice of Default notified Defendant of her default, the actions required to cure the default, a deadline to cure the default, and the potential immediate acceleration of the principal balance secured by the Trust Deed.  (*Id.* Ex. 5, at 1.)  As indicated by the Loan Status Report, Defendant did not cure her defaults on the Note and Trust Deed.  (*Id.* Ex. 4.)  In May 2012, LNV accelerated the principal payments on the Note and decided to invoke the power of sale under the Trust Deed.  (*Id.* ¶ 15.)

The defaults remain uncured to date.  (*Id.* ¶ 19.)  Defendant owes under the Note the sum of $324,557.19 as of June 15, 2015 (assuming no payment made between the date of the Conner Declaration and June 15, 2015), consisting of principal in the amount of $171,450.72, interest at the rate of 10.625% through June 15, 2015 of $109,768.04, escrow/impound overdraft of $40,211.75, unpaid late charges of $2,687.43, a recording/assignment fee of $46.00, and a property inspection fee of $393.25.  (*Id.* ¶ 19, Ex. 4.)

        **D.**    **LNV Is Exempt from the Oregon Foreclosure Avoidance Program**

On or about January 8, 2014, LNV duly executed an Oregon Foreclosure Avoidance Program Beneficiary Exemption Affidavit and delivered it to the Attorney General of Oregon, evidencing qualification for exemption from the provisions of ORS 86.726(2) and (3).  (*Id.* ¶ 20, Ex. 12.)  LNV prepared a Foreclosure Avoidance Measure Notice that was sent to Defendant with the service of the Amended Complaint.  (*Id.* ¶ 21, Ex. 13.)

**III.**    **LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial.  *Id*. at 324.  A nonmoving party cannot defeat summary

5- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEGAL1264 11462.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

judgment by relying on "unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

## IV.   ANALYSIS

Under the Note, Trust Deed, and applicable law, LNV is entitled to an order of summary judgment, by which judgment this Court should enter a judicial decree of foreclosure. Under Oregon law, "[t]ransfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary." ORS 86.710. Where a transfer in trust of an interest in real property is made to secure the performance of an obligation, the power of sale is conferred upon the trustee. *Id.* This "power of sale may be exercised after a breach of the obligation for which the transfer is security." *Id.* Furthermore, "a trust deed . . . may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property." *Id.*; *see also BAC Home Loans Servicing, LP v. Hackett*, No. 3:11-cv-416-HZ, 2013 WL 5636714, at *3 (D. Or. Oct. 11, 2013).

When the beneficiary of a trust deed chooses to pursue judicial foreclosure of the trust deed, the law on the foreclosure of mortgages applies. *See BAC Home Loans*, 2013 WL 5636714, at *3; *Kelly v. U.S. Bank*, Civ. No. 08-1421-AC, 2010 WL 4135028, at *19 (D. Or. July 29, 2010), *report and recommendation adopted*, No. CV 08-1421-AC, 2010 WL 4116754 (D. Or. Oct. 14, 2010). The applicable statute provides that "a lien upon real or personal property, . . . whether created by mortgage or otherwise, must be foreclosed, and the property adjudged to be sold to satisfy the debt the lien secures, by bringing suit." ORS 88.010(1).

To prevail on its claim for judicial foreclosure, LNV must "show that (1) [Defendant] executed a deed of trust to secure performance of an obligation to a beneficiary and that (2) [Defendant] breached that obligation." *BAC Home Loans*, 2013 WL 5636714, at *3; *see also Kelly*, 2010 WL 4135028, at *19 ("[T]o the extent that a valid trust deed exists and default on the underlying note has occurred, foreclosure may be exercised by the grantor.").

6- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEGAL1264 11462.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

LNV has met its burden.  The evidence in the record makes clear that Defendant executed the Trust Deed to secure her repayment of the Loan and her obligations under the Note, and Defendant breached her obligations.  Under the Trust Assignment, LNV is the beneficiary of the Trust Deed.  Irrespective of the Trust Assignment, LNV is the beneficiary of the Trust Deed by operation of law because it is the holder of the Note.  *See Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 694, 303 P.3d 301 (2013) ("A trust deed follows the promissory note that it secures.").  None of these facts can be disputed by any admissible evidence.

## CONCLUSION

For the foregoing reasons, LNV respectfully requests that the Court grant its motion for summary judgment on its claim for judicial foreclosure, enter a foreclosure judgment in the amount of $324,557.19 as of June 15, 2015 (assuming no payment made between the date of the Conner Declaration and June 15, 2015), plus interest and other costs and expenses to accrue thereon through the date of judicial sale, order a judicial sale of the property encumbered by the Trust Deed to raise the sum owing under the Note, and award LNV attorneys' fees and costs.

DATED: June 8, 2015                               **PERKINS COIE LLP**

By:*/s/ Gabrielle D. Richards*
Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

7- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
LEGAL126411462.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CERTIFICATE OF SERVICE

I certify that I will serve the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on Defendant, Denise Subramaniam at 13865 SW Walker Rd., Beaverton, OR 97005 by depositing a copy in the U.S. Mail in a sealed postage-prepaid envelope with the United States Postal Service at Portland, Oregon on June 8, 2015.

DATED: June 8, 2015

*/s/ Gabrielle D. Richards*
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com

Attorneys for Plaintiff
LNV Corporation

PAGE 1- CERTIFICATE OF SERVICE
LEGAL126411462.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222