Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LNV CORPORATION, a Nevada corporation,<br><br>　　　　　　　Plaintiff,.<br><br>　　v.<br><br>DENISE SUBRAMANIAM,<br><br>　　　　　　　Defendant. | Case No. 3:14-cv-01836-MO<br><br>PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINE |

　　　　Plaintiff LNV Corporation ("LNV") hereby responds to the Motion to Extend Discovery Deadline filed by defendant Denise Subramaniam ("Defendant").  For the reasons set forth below, LNV respectfully requests that the Court deny Defendant's motion.  This response memorandum is supported by the Declaration of Gabrielle D. Richards, filed herewith.

**I.　　INTRODUCTION**

　　　　Defendant's motion is the latest in a series of attempts to delay forward progress in this case and inject irrelevant, sensationalized argument into what should be a straightforward

1-　　PLAINTIFF'S RESPONSE MEMORANDUM
　　　IN OPPOSITION TO DEFENDANT'S MOTION
　　　TO EXTEND DISCOVERY DEADLINE
LEGAL126557834.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

judicial foreclosure.  LNV recognizes the challenges a *pro se* litigant faces and has, from the beginning, attempted to facilitate Defendant's participation in this case and accommodate her many requests for additional time to comply with procedural and Court-ordered deadlines.  In fact, LNV previously has stipulated to *five* extensions of time despite having no requirement to do so.  Nonetheless, Defendant continues to make excuses for her failure to meet deadlines, continues to make delusional allegations against LNV, and continues to attack counsel for having the audacity to resist Defendant's efforts to derail this case in perpetuity.  In doing so, Defendant conveniently ignores the fact that she was afforded time to conduct discovery but chose not to serve a single request on LNV before this case was stayed in March, opting instead to file a series of meritless motions.  LNV has filed a motion for summary judgment and is ready to move this case forward.  As such, LNV respectfully requests that the Court deny Defendant's motion.

## II.    PROCEDURAL BACKGROUND

This Court is by now well aware of the procedural history of this case.  For the sake of brevity and efficiency, only the relevant background will be discussed herein.

LNV commenced this action on November 18, 2014 by filing a Complaint in this Court.  (Dkt. 1.)  LNV filed its First Amended Complaint on November 21, 2014.  (Dkt. 5.)  Defendant stipulated to service of the Summons, Complaint and First Amended Complaint on December 23, 2014.  (Dkt. 12.)  LNV stipulated to an extension of time for Defendant to file her Answer, and the Court granted the motion on December 24, 2014.  (Dkt. 13.)  LNV stipulated to a second extension of time for Defendant to file her Answer, and the Court granted the motion on January 21, 2015.  (Dkt. 17.)  Defendant filed her Answer on January 26, 2015.  (Dkt. 18.)

The Court's original Discovery and Pretrial Scheduling Order established March 18, 2015 as the deadline for discovery, pretrial motions and dispositive motions.  (Dkt. 4.)  LNV stipulated to an extension of this deadline to April 21, 2015, and the Court granted the motion.  (Dkt. 23.)  On Defendant's motion, the Court stayed this case on March 12, 2015 so that Defendant could recover from spinal surgery.  (Dkt. 33.)  The Court twice extended the stay on

2-  PLAINTIFF'S RESPONSE MEMORANDUM
    IN OPPOSITION TO DEFENDANT'S MOTION
    TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendant's motion, first until May 4, 2015 and then until June 8, 2015.[1]  (Dkt. 42, 51.)  On May 11, 2015, in its order extending the stay, the Court also set June 8, 2015 as the new deadline for LNV's response to Defendant's motion to dismiss, the completion of discovery, dispositive motions and the joint alternate dispute resolution report.  (Dkt. 51.)  LNV timely filed its response to Defendant's motion to dismiss, its motion for summary judgment and its joint alternate dispute resolution report on June 8, 2015.  (Dkt. 52, 53, 55.)

### III.    DISCUSSION

**A.    Defendant's Motion Should Be Denied Because She Failed to Confer**

Local Rule 7 requires the moving party to certify, in the first paragraph of every motion, that the parties made a good faith effort through personal or telephone conferences to resolve the dispute or that the opposing party willfully refused to confer.  Defendant did not confer with counsel for LNV personally or by telephone regarding the substance of her motion, nor did she include the requisite conferral certification.  As this Court advises *pro se* litigants on its Website, "*pro se* litigants are expected to comply with the Court's rules of procedure and decorum, and the arguments raised by *pro se* parties are held to the same standard as practicing attorneys."[2]  In other words, Defendant does not get a "free pass" simply because she is appearing *pro se*.

Moreover, Defendant should have been well-aware of the conferral requirement, as counsel for LNV provided Defendant with a link to the Local Rules in a letter dated January 21, 2015. (Richards Decl., Ex. A.)  In addition, together with its summary judgment motion recently filed, LNV served a copy of its conferral certification upon Defendant.  (Dkt. 53.)  Defendant, however, has continuously failed to comply with this Court's procedural rules.  Just to point out two examples, Defendant did not confer regarding her Motion for Judicial Notice or her Motion to Dismiss as a Matter of Law and for Failure to State a Claim.  (Dkt. 19, 36.)  Defendant's

---

[1] LNV stipulated to both extensions.
[2] *Representing Yourself in Court*, https://www.ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself.

3-   PLAINTIFF'S RESPONSE MEMORANDUM
     IN OPPOSITION TO DEFENDANT'S MOTION
     TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

failure to comply with the rules should not be rewarded, particularly as she cannot plead ignorance of them.  Her motion to extend the discovery deadline should be denied.

**B.      Defendant's Motion Should Be Denied Because She Had Ample Time for Discovery**

Defendant appeared in this case on January 26, 2015 when she filed her Answer, yet she did not serve a single discovery request on LNV before this case was stayed on March 12, 2015.  Nonetheless, Defendant is asking this Court to extend the discovery deadline — which lapsed on June 8 — by nearly three months despite the fact that only one month remained for discovery when the stay was put in place.  There is not a shred of logic — or justification — for such an extension, particularly given Defendant's total failure to timely file a motion extending the deadline.  Moreover, Defendant has grossly mischaracterized her communications with counsel for Defendant in an effort to justify her ongoing inability to comply with this Court's orders.

Defendant contacted counsel for LNV by e-mail on May 27, 2015, seeking to "extend the discovery deadlines to reflect what we would have had if the need for a medical stay had not occurred." (Richards Decl., Ex. B.)  Counsel for LNV responded less than three hours later, proposing July 13, 2015 as the new deadline for the completion of discovery, filing of dispositive motions and filing of the joint alternate dispute resolution report.[3] (*Id*.)  Counsel for LNV rationalized that because the stay had been put in place with one month remaining for discovery, extending the current deadline by one month would be "fair and equitable." (*Id*.)

Counsel for LNV received no response to her May 27 e-mail. (*Id*., ¶ 4.)  With the Court-ordered deadline fast-approaching, counsel for LNV sent a second e-mail to Defendant on June 2, 2015. (*Id*., Ex. B.)  Counsel for LNV received no response to this e-mail, either.  LNV then decided to move forward with its plans to file a motion for summary judgment by the June 8 deadline.  On June 5, counsel for LNV telephoned Defendant in an attempt to confer regarding the motion for summary judgment and the joint alternate dispute resolution report. (*Id*., ¶ 5.)

---

[3] Defendant incorrectly states that LNV proposed extending the discovery deadline to July 17, 2015.  The correct date is clearly shown in the e-mail correspondence.

4-     PLAINTIFF'S RESPONSE MEMORANDUM
       IN OPPOSITION TO DEFENDANT'S MOTION
       TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

When counsel for LNV asked whether Defendant had time for the call, Defendant told counsel that her daughter had recently given birth and that Monday, June 8 would be better.  (*Id*.)  Counsel agreed to call Defendant on the morning of June 8.  (*Id*.)

Counsel for LNV called Defendant on the morning of June 8 to confer regarding the motion for summary judgment and the joint alternate dispute resolution report.  (*Id*., ¶ 6.)  When Defendant began discussing the "June 17" deadline extension, counsel for LNV told Defendant that, having received no response to repeated e-mails, LNV was no longer able to stipulate to an extension and had no choice but to move forward with its motion.  (*Id*.)  The substance of the remaining conversation between counsel for LNV and Defendant is described in LNV's summary judgment conferral certification and in its alternate dispute resolution report.  (Dkt. 53, 55.)  Defendant did not communicate with counsel for LNV after June 8, about her motion to extend the deadline or otherwise.  Also, contrary to what Defendant states in her motion, the parties never reached a "stipulated agreement" to extend the deadline.  In fact, during the June 8 call, Defendant told counsel that a July deadline was insufficient.  (Richards Decl., ¶ 6.)

Moreover, Defendant's assertion that she "missed an e-mail" sent by counsel for LNV is wholly untrue.  (Dkt. 56, Def. Mtn. to Extend Discovery Deadline, p. 2.)  Defendant specifically referenced LNV's proposed deadline extension during her June 8 call with counsel for LNV, even though Defendant also claimed *during that same call* that she had not received counsel's e-mails about the proposed deadline extension.  (Richards Decl., ¶ 7.)  Defendant also points the finger of blame at counsel for LNV for making "no attempt to phone Defendant when she didn't receive a response."  (Dkt. 56, p. 2.)  Defendant's attempt to cast blame falls flat.  It was Defendant, not counsel for LNV, who initiated the discussion regarding extending the discovery deadline.  If Defendant wanted to extend the discovery deadline, it was her obligation to follow through on a stipulation or, absent a stipulation, to file a motion timely.  She did neither.[4]

---

[4] Defendant also misrepresents the communications from the Court, stating that "the court Administrator had informed LNV's counsel and Defendant that we needed to agree to a discovery schedule before filing the Joint Status report due the day the medical stay lifted on

5-   PLAINTIFF'S RESPONSE MEMORANDUM
     IN OPPOSITION TO DEFENDANT'S MOTION
     TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Putting aside Defendant's mischaracterizations and unfounded allegations of "ongoing bad faith" by counsel, Defendant has failed to articulate a single legitimate justification for extending the discovery deadline.  Instead, Defendant discusses allegations of "racketeering," accuses LNV of orchestrating a campaign of terror rooted in criminal mischief, and attempts to redirect the Court's attention to unrelated, irrelevant cases and to pleadings that have not even been filed in this case.  LNV is, quite frankly, at a loss for how to even respond to Defendant's absurd allegations other than to deny that they are true and point out that Defendant's prior action containing histrionic allegations against LNV was dismissed with prejudice. *Subramaniam v. Beal*, No. 3:12-cv-1681-MO, 2013 WL 5462339 (D. Or. Sept. 27, 2013). [5]

Defendant's request for an extension is unreasonable and is yet another attempt to delay this case.  The Court should not lose sight of the fact that Defendant has not made a mortgage payment in years, nor has she paid any amount into the Court or a trust while this case is pursued to its conclusion.  Defendant has had ample time to pursue discovery but instead has opted to file meritless motions and make excuses for missing deadlines.  At no time has LNV attempted to "thwart" discovery, as Defendant asserts.  Defendant's failures and litigation choices do not justify extending the discovery deadline.  Her motion should be denied.

## CONCLUSION

For the reasons discussed above, Defendant's motion to extend the discovery deadline should be denied.

---

June 8, 2015."  (Dkt. 56, p. 2.)  The actual correspondence with the Court is attached to the Richards Declaration as Exhibit C.  This correspondence shows that the Court instructed the parties that if they needed additional time, they should confer and submit a motion to extend time.  The Court, in responding to Defendant, advised her to "confer with opposing counsel to come up with new dates."  Defendant's characterization of this correspondence is inaccurate.

[5] Defendant asserts that she has been "incapacitated since October 2014."  Despite her alleged "incapacitation," Defendant participated fully in this case prior to the stay, having filed numerous motions, including a Motion for Judicial Notice and a Motion to Dismiss as a Matter of Law and for Failure to State a Claim.

6-  PLAINTIFF'S RESPONSE MEMORANDUM
    IN OPPOSITION TO DEFENDANT'S MOTION
    TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: June 19, 2015          **PERKINS COIE LLP**

By: */s/ Gabrielle D. Richards*

Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

7- PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINE

LEGAL126557834.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# CERTIFICATE OF SERVICE

I certify that I will serve the foregoing **PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINE** on

Denise Subramaniam
13865 SW Walker Rd.
Beaverton, OR  97005

*Defendant*

by depositing a copy in the U.S. Mail in a sealed postage-prepaid envelope with the United States Postal Service at Portland, Oregon on June 19, 2015.

DATED: June 19, 2015

/s/ *Gabrielle D. Richards*
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com

Attorneys for Plaintiff
LNV Corporation

PAGE   1-   CERTIFICATE OF SERVICE

LEGAL126557834.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222