Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LNV CORPORATION, a Nevada corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DENISE SUBRAMANIAM,<br><br>　　　　　　　Defendant. | Case No. 3:14-cv-01836-MO<br><br>PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS |

　　　　Plaintiff LNV Corporation ("LNV") hereby responds to the Motion for Judicial Notice of Adjudicative Facts filed by defendant Denise Subramaniam ("Defendant").  For the reasons set forth below, LNV respectfully requests that the Court deny Defendant's motion.

## I.　　INTRODUCTION

　　　　This is Defendant's second motion for judicial notice in this case.  The Court denied Defendant's first motion, which asked the Court to take judicial notice of a criminal "information" and a plea agreement in an unrelated, irrelevant Florida case.  (Dkt. 28.)  Like her

1-　PLAINTIFF'S RESPONSE MEMORANDUM
　　IN OPPOSITION TO DEFENDANT'S MOTION
　　FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

79707-0017/LEGAL126573381.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

first motion, Defendant's second motion for judicial notice is little more than a scattered attempt to perpetuate a delusional conspiracy theory that has no basis in law or fact. In this latest motion, Defendant appears to ask the Court to take judicial notice of a Sixth Circuit Court of Appeals decision that bears no relation whatsoever — direct or indirect — to the case currently before this Court. For the reasons set forth below, Defendant's motion should be denied.

## II. DISCUSSION

### A. Legal Standard for Judicial Notice

A court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). Although a court "may take notice of proceedings in other courts, both within and without the federal judicial system," those proceedings must have "a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). While a court may take judicial notice of proceedings in other courts, a court may not take notice of facts presented in court documents or opinions for the purpose of considering those facts to be established in the current case. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001), *impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo,* 203 F.Supp.2d 1160, 1162 n. 2 (C.D. Cal. 2002).

### B. Defendant's Motion Should Be Denied Because She Failed to Confer

Defendant continues to flaunt procedural rules. As with her numerous previous motions, Defendant did not comply with Local Rule 7, which requires the moving party to certify, in the first paragraph of every motion, that the parties made a good faith effort through personal or telephone conferences to resolve the dispute or that the opposing party willfully refused to confer. Defendant did not confer with counsel for LNV personally or by telephone regarding her motion, nor did she include the requisite conferral certification. Defendant's continued failure to

2- PLAINTIFF'S RESPONSE MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION
FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

79707-0017/LEGAL126573381.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

comply with the conferral and certification requirement should not be ignored. Her Motion for Judicial Notice of Adjudicative Facts should be denied.[1]

### C. Defendant's Motion for Judicial Notice of Documents Should Be Denied Because the Sixth Circuit Opinion at Issue Bears No Relation to the Case Before This Court.

Defendant seeks to have the Court take judicial notice of a Sixth Circuit opinion in a case that Defendant asserts "is similar to the present case in that it originated through a series of foreclosure actions where the foreclosing party lacked standing to foreclose due to a forged assignment of deed of trust." (Def. Motion for Jud. Notice of Adjudicative Facts, Dkt. 60, ¶ 2.) The purpose for which Defendant seeks judicial notice is not articulated. Regardless of her purpose, however, judicial notice in this instance is wholly improper.

First, the Sixth Circuit case does not have the requisite "direct relation to matters at issue" for this Court to take judicial notice. *See Robinson Rancheria*, *supra*, 971 F.2d at 248. The plaintiff in the Sixth Circuit case, Rick A. Slorp, filed suit against Bank of America and others to recover attorney fees he expended in a foreclosure action that Bank of America voluntarily dismissed. The defendants moved to dismiss the complaint and, while that motion was pending, Slorp sought leave to amend to add a civil RICO claim. The district court granted the motion to dismiss and denied the motion for leave to amend. Among the grounds relied upon by the district court in dismissing the complaint was that Slorp — *not Bank of America* — lacked standing to sue because he sustained no injury as a result of the assignment and because he was not a party to the assignment. Even though the Sixth Circuit concluded that Slorp had standing to sue, it affirmed dismissal of the complaint on the merits. The Sixth Circuit reversed the lower court's denial of Slorp's motion for leave to amend, holding that the allegations in his amended complaint "are sufficient to survive a motion to dismiss."

---

[1] As discussed in LNV's response memorandum in opposition to defendant's motion to extend the discovery deadline, this Court's Website advises *pro se* litigants that they are "expected to comply with the Court's rules of procedure and decorum, and the arguments raised by *pro se* parties are held to the same standard as practicing attorneys." (Dkt. 57.) Counsel for LNV provided Defendant with a link to the Local Rules in a letter dated January 21, 2015. (*Id.*)

3-  PLAINTIFF'S RESPONSE MEMORANDUM
    IN OPPOSITION TO DEFENDANT'S MOTION
    FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

79707-0017/LEGAL126573381.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendant's assertion that the Sixth Circuit case "is similar to the present case in that it originated through a series of foreclosure actions where the foreclosing party lacked standing to foreclose due to a forged assignment of deed of trust" is thus entirely untrue.  The issue before the Sixth Circuit was Slorp's standing to sue, not Bank of America's.  The Sixth Circuit opinion bears no relevance whatsoever to the facts or issues involved in this action.  LNV was not a party to that case, nor was Defendant.  As with her first motion for judicial notice, the Sixth Circuit opinion pertains only to Defendant's theory that the mortgage industry has perpetuated a massive nationwide fraud on her and others.[2]  By filing this Motion, Defendant is attempting to gain factual support for unsubstantiated statements made in her Answer and other various pleadings.  The Sixth Circuit opinion offered by Defendant is unrelated to the current dispute, and Defendant has provided no basis for this Court to take judicial notice.  *See Hart v. Parks*, 450 F.3d 1059, 1063 n. 2 (9th Cir. 2006) (court may not take judicial notice of documents, regardless of whether they meet the requirements of Rule 201(b), that are unrelated to the matter at issue).

Second, this Court can only take judicial notice of the documents' existence, not the truth of the facts contained therein.  *Fernlund v. Transcanada USA Servs. Inc.*, No. 1:13-CV-1495-CL, 2014 WL 5824673, at *5 (D. Or. Nov. 10, 2014) (*citing Lee*, 250 F.3d at 689-90).  To the extent

---

[2] Defendant's theory that the mortgage industry has perpetuated a massive nationwide fraud not only forms the basis of her Answer, but it also was the subject of a previous lawsuit she filed against LNV and others (the "Prior Action").  *Subramaniam v. Beal, et al.*, No. 3:12-cv-01681-MO.  Among others things, Defendant alleged in the Prior Action that LNV and others conspired to commit fraud "by forging and falsifying signatures on mortgage-related documents."  (Dkt. 20, Amended Complaint, at 8-9.)  This Court dismissed all of Defendant's claims in the Prior Action, noting that her allegations of fraud associated with "forged and falsified signatures" were conclusory and failed "to allege any specifics of the allegedly fraudulent conduct."  (Dkt. 138, Opinion and Order, at 8-9.)  This Court also recently denied Defendant's motion under Fed.R.Civ.P. 60(b) in the Prior Action for relief from the Court's order dismissing the Prior Action.  (Dkt. 150, Order Denying Motion to Vacate Judgment.)

As a result, principles of collateral estoppel and res judicata bar Defendant from asserting the conspiracy allegations against LNV in this action.  *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended* (May 3, 2012) (barring a party from litigating in a subsequent case an issue actually determined adverse to that party in a prior litigation, such as the conspiracy allegations raised in both the Prior Action and this action); *See Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990) (barring a party from raising claims that were or could have been raised in a prior action arising from the same common nucleus of operative fact, such as the conspiracy claims in the Prior Action).

4-   PLAINTIFF'S RESPONSE MEMORANDUM
     IN OPPOSITION TO DEFENDANT'S MOTION
     FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

79707-0017/LEGAL126573381.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

that Defendant is attempting to use judicial notice for the purpose of establishing as true the facts contained in the proffered opinion, her Motion is improper and should be denied.

**D.      Defendant's References to the Documents Attached to Her First Motion Should Be Disregarded by This Court for the Reasons Previously Articulated by LNV.**

To the extent that Defendant's Motion discusses, references or relies upon her first motion for judicial notice and the documents attached thereto, LNV incorporates by reference the arguments made in its response memorandum in opposition to that motion.  (Dkt. 22.)

### IV.    CONCLUSION

Defendant's Motion to take judicial notice of a Sixth Circuit opinion should be denied because (1) the opinion has no "direct relation to matters at issue" in this case and (2) the opinion cannot be used to establish the truth of the facts contained therein.

DATED:  June 23, 2015                                   **PERKINS COIE LLP**

By:*/s/ Gabrielle D. Richards*
   Gabrielle D. Richards, OSB No. 114992
   GRichards@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

5-    PLAINTIFF'S RESPONSE MEMORANDUM
       IN OPPOSITION TO DEFENDANT'S MOTION
       FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

79707-0017/LEGAL126573381.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# CERTIFICATE OF SERVICE

I certify that I served the foregoing **PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS OF ADJUDICATIVE FACTS** on:

Denise Subramaniam
13865 SW Walker Rd.
Beaverton, OR  97005

*Defendant*

by depositing a copy in the U.S. Mail in a sealed postage-prepaid envelope and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

DATED: June 23, 2015

/s/ Gabrielle D. Richards
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com

Attorneys for Plaintiff
LNV Corporation

PAGE  1-   CERTIFICATE OF SERVICE

79707-0017/LEGAL126573381.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222