FILED 23 JUN '15 12:15 USDC-ORP

Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| LNV CORPORATION<br>    Plaintiff,<br>v.<br>DENISE SUBRAMANIAM<br>pro per<br>    Defendant | Civil Case No. 3:14-cv-01836<br><br>DEFENDANT'S MOTION FOR<br>JUDICIAL NOTICE OF<br>INFORMATION AND CRIMINAL<br>INDICTMENT AND PLEA<br>AGREEMENT OF LORRAINE BROWN |

### DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF INFORMATION AND CRIMINAL INDICTMENT AND PLEA AGREEMENT OF LORRAINE BROWN

Comes now Defendant, Denise Subramanima, representing herself, and moves this court pursuant to Federal Rule 201 Judicial Notice of Adjudicative Facts to take judicial notice of the documents described herein in and in support states as follows:

1. THE DEFENDANT moves this Court to take judicial notice of:

    Information regarding Lorraine Brown, *United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR*, *(M.D. Fla.)* (See "Exhibit A" attached hereto.)

    Plea Agreement of Lorraine Brown, *United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR*, *(M.D. Fla.)* (See "Exhibit B" attached hereto.)

2. <u>Federal Rule of Evidence 201</u> – "Judicial Notice of Adjudicative Facts" states:

   (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

   (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

   (1) is generally known within the trial court's territorial jurisdiction; or

   (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

   (c) Taking Notice. The court:

   (1) may take judicial notice on its own; or

   (2) **must** take judicial notice if a party requests it and the court is supplied with the necessary information.

3. In the present case the court is supplied with the adjudicative fact to be noticed, i.e. Defendant's exhibits A and B.

4. Lorraine Brown was indicted and convicted of for "Conspiracy to Commit Mail and Wire Fraud" pursuant to 18 U.S.C. 18 § 1341 and 18 U.S.C. 18 § 1343.

5. Defendant is a victim of the crimes of Lorraine Brown and her co-conspirators. Defendant claims the owner of Plaintiff LNV Corporation ("LNV"), Daniel Andrew Beal, is a co-conspirator in the crimes of Lorraine Brown; as are Beal's "LPS" agents Northwest Trustee Services and Dovenmuehle Mortgage Inc.; and his LPS attorneys RCO Legal, Codilis & Stawiarski, Shapiro & Kirsch, and other law firms Beal uses against the pro-se litigants in the noticed related cases. Lender Processing Services ("LPS") aka Black Knight Financial Services was a corporate vehicle identified by the United States as being used in the commission of the crimes of Lorraine Brown. Beal's employee, Bret Maloney, and employees of Northwest Trustee Services: Yvonne "Vonnie" McElligott, Jeff Stenman, and others in deposition testimony have verified that

the mortgage related documents they use in foreclosures, and specifically those pertaining to the Defendant's mortgage and the mortgages for the other pro-se litigants in the noticed related cases were in fact produced through the use of the "LPS Desktop" software. This software was developed when Lorraine Brown was in control of LPS and the business processes she used for her criminal conspiracy would have been built into the software. The products of this software would of necessity therefore be products of the crimes of Lorraine Brown; and in fact Defendant and each of the other pro-se litigants in the noticed related cases have and do claim that the mortgage related documents (specifically assignments of deed of trust; assignments of mortgage; allonges to notes etc) are in fact forged documents consistent with the crimes of Lorraine Brown and her co-conspirators.

6. Adjudicative facts in the criminal conviction of Lorraine Brown include:

   a. Lorraine Brown had co-conspirators.
   b. Lorraine Brown's co-conspirators have not yet been prosecuted for their crimes.
   c. Lorraine Brown committed her crimes through Lender Processing Services, ("LPS")
   d. At the direction of Brown and other co-conspirators employees of LPS began forging and falsifying signatures of mortgage-related documents and filed them with property recorders offices across the country.
   e. Lorraine Brown's co-conspirators used other unauthorized employees to sign mortgage-related documents on their behalf knowing that the documents would be notarized as if the co-conspirator has signed the document, when he/she had not.
   f. Between 2003 and 2009 it is estimated that <u>over 1 million fraudulently signed and notarized mortgage-related documents were produced</u> through the crimes of Lorraine Brown and her co-conspirators and filed with property recorders' offices across the country.

7. Adjudicative facts from the Lorraine Brown criminal conviction are relevant to the present case and to litigation between LNV (and other business entities controlled by D.

Andrew Beal) and the other pro-se litigants in the noticed related cases and many other "Beal victims" for the following reasons:

a. LNV and MGC (both owned and controlled by Andy Beal) and their agents (LPS Service Providers Nortwest Trustee Services, RCO Legal, Codilis & Stawairski, Dovenmuhlhe and others) have forged and falsified mortgage-related documents and filed them with property recorders' offices across the country; and/or have knowingly used such forged documents in foreclosure cases with intent to deceive courts.

b. Defendant in the present case, and the other Beal victims claim that their mortgage related records are the products of the crimes of Lorraine Brown and her co-conspirators; and they provided the courts with evidence to substantiate these claims.

c. The courts continue to accept these forged and falsified mortgage-related documents as genuine (ignoring evidence to the contrary) and routinely grant summary judgments or dismissals in favor of LNV and parties like it.

d. The United States Attorney General has determined that parties who forge and falsify mortgage-related documents and file them with property recorders' offices across the country are guilty of the federal criminal offence of mail and wire fraud. (Lorraine Brown was convicted by the United States.)

e. The United States has already proven the criminal conspiracy exists.

f. The United States has already proven Lorraine Brown had co-conspirators; and since those co-conspirators haven't yet been indicted or convicted it stands to reason they may still be committing crimes consistent with her criminal conspiracy.

g. Defendant in the present case, and the other Beal victims claim that Daniel Andrew "Andy" Beal is one of Lorraine Brown's co-conspirators and that he knowingly uses the products of Brown's crimes stored in the LPS Desktop computer software with intent to deceive courts and thereby wrongfully deprive Defendant and others of their property. Beal's employee, Bret Maloney, admitted in a deposition the Beal enterprise entities and their agents use the LPS Desktop.

h. A Beal employee, Jim Chambless, admitted in an email to he sent to WFAA investigative reporter, Brett Shipp, to fabricating mortgage-related documents to "cure" a break in the chain of title to Breitlings' property. This email was forwarded to the Breitlings for their comment.

8. <u>Federal Rule 301 Presumptions in Civil Cases</u> states:

   "…unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."

9. LNV as the plaintiff had the burden of proof or persuasion in the present case. LNV submitted to the court various mortgage related documents that included deed assignments, the deed of trust, the note with endorsements and allonges to the note as evidence of its standing to foreclose on Defendant's property. Defendant challenges the authenticity of these documents. However deed assignments, since they are filed with the property recorders' office carry a presumptive burden. Presumptions governed by <u>Rule 301</u> are given the effect of placing upon the opposing party (Defendant in the present case the burden of establishing the nonexistence of the presumed fact, once the party invoking the presumption establishes the basic facts giving rise to it.

10. Adjudicative fact in the criminal indictment and conviction of Lorraine Brown for conspiracy to commit mail and wire fraud defeats the burden of presumption that deed assignments and other documents filed with a property recorders' office must be genuine. Adjudicative fact in this noticed criminal conviction establishes that over 1 million fraudulently signed and notarized mortgage-related documents were produced through the crimes of Lorraine Brown and her co-conspirators and these false and forged documents were filed enmass with property recorders' offices across the country; THEREFORE courts cannot assume the genuineness of such records.

11. THE DEFENDANT moves this Court to take Judicial Notice of Brown's information and Plea Agreement because the documents confirm that LPS employees and others engaged

in a massive fraud scheme in the preparation of millions of mortgage-related documents, including Mortgage Assignments, and Mortgage Allonges and DEFENDANT contends that the Mortgage Assignments and Mortgage Allonges prepared and filed by LPS in her case, bearing the purported signatures of Jason J. Vecchio, Michael Mead, Diane M. Meistad, and others are such fraudulent mortgage assignments and allonges.

12. The documents attached hereto as Exhibits "A" and "B" may be accessed online from PACER under United States of America v. Lorraine Brown, Criminal Docket # 3:12-cr-00198-HLA-MCR-1.

13. Timely written notice of this request is hereby given by email and postal mail service upon Plaintiff's counsel as required by law.

14. WHEREFORE, pursuant to Federal Rule of Evidence 201 THE DEFENDANT moves this Court to take Judicial Notice of the Information and Plea Agreement of Lorraine Brown *United States of America v. Lorraine Brown, Case No. 3:12-cr-198-J-25 MCR*, (M.D. Fla.) without hearing and for such other and further relief as this Court deems just and proper under the circumstances.

_____
Denise Subramaniam, Pro-per