# DEFENDANT'S EXHIBIT F



Check: 113585 Amount: $6,000.00 Date: 10/29/2008
Run: 1, Batch: 32, Seq: 15

Check: 113585 Amount: $6,000.00 Date: 10/29/2008
Run: 1, Batch: 32, Seq: 15

MGC 877 471-7886 —1423946779

Important: click on ⓘ symbols next to the information before using it. Dismiss

Routing Numbers | Link to Us

0

# BEAL BANK SSB Routing Number

**BEAL BANK SSB routing information**

| | |
|---|---|
| Bank Name | BEAL BANK SSB |
| Routing Number | 311993330 ⓘ |
| Address | 6000 LEGACY DRIVE ⓘ |
| City | PLANO |
| State | TX |
| Zip Code | 75024-0000 |

**Advertisement**



**BEAL BANK SSB routing information**

| | |
|---|---|
| Telephone Number | (469) 467-5000 ⓘ |
| Office Type | Main |
| Servicing Number | 111000038 |
| Record Type Code | 1 |
| Institution Status Code | 1 |
| Record Revision Date | 2010-02-11 |

**Advertisement**

### 10 Best - 0% Credit Cards

**0% APR For 18 Months!**
For Balance Transfers & Purchases



Compare Current
Credit Card Offers
& Lock-In Rates
Today!


Click Here

CompareCards

**Find Routing Number of a Bank**

Search

http://www.routingnumbers.org/bank_routing_number_311993330.html    9/24/2012

**MGC Mortgage, Inc.**

<span style="float:right">7195 Dallas Parkway<br>Plano, Texas 75024<br>www.mgcmortgage.com<br>Tel 866-075-3706</span>

June 23, 2011

Ms. Sheila Houser, Administrative Assistant
Congress of the United States, House of Representatives
P.O. Box 1728
Kingsport, TN 37662

RE:    Ms. Catherine Gebhardt
       753 Thomas Cross Road, Sevierville, TN 37876
       Loan Number 1423946779

Dear Ms. Houser:

MGC Mortgage, Inc ("MGC") is in receipt of the correspondence submitted on behalf of Ms. Catherine Gebhardt ("Borrower") dated May 26, 2011. Thank you for your patience while MGC researched this inquiry.

The Borrower's loan was originated with a mortgage broker employed at PrimeONE Mortgages in Sevierville, Tennessee. The mortgage broker secured an approval for the Borrower's loan through Sebring Capital Partners, LP who funded the loan on November 7, 2002 in the amount of $243,100.00. The Borrower signed an Adjustable Rate Note ("Note") indicating that she agreed to the initial interest rate of 9.500% per annum, which was subject to change beginning on December 1, 2004 and every sixth month thereafter. The Note indicates that the Note Holder (currently LNV Corporation) will calculate the Borrower's new interest rate by adding 8.750% to the current LIBOR Index. The interest rate is limited to increases and decreases of no more than 1.500% from the prior interest rate on any given change date. The interest rate will never be greater than 16.500% or less than 9.500%. With each of these terms bolded on the Note, the Borrower indicated her acceptance of said terms by signing the Note on November 7, 2002. Certified copies of the original Note, Deed of Trust, and applicable Riders are enclosed for your review.

We have also enclosed a copy of the Truth in Lending Disclosure Statement ("TIL") signed by the Borrower on the date of origination. The TIL outlines the payment and finance terms of the loan and indicates the exact amount a borrower will pay for the loan they are obtaining. In the Borrower's case, the TIL indicates that she will finance $237,460.52, and the total finance charge will be $549,576.73, amounting to $787,037.25 for the total sum of payments to be made on this loan. Given this information, the Borrower was aware that the amount of interest would surpass the principal amount of the loan she agreed to, as it does in many real estate transactions.

As you are aware, MGC did not originate the Borrower's loan; therefore, we are unable to address any issues that may have occurred at origination. The Borrower or her counsel may contact the loan originator for information regarding the origination. However, per the Borrower's request, we are enclosing a copy of the Settlement Statement that she signed at

███████, Inc.

7195 Dallas Parkway
Plano, Texas 75024
www.█████mortgage.com
Tel ███-███-████

Ms. ██████ Houser, Administrative Assistant
Congress of the United States, House of Representatives
June 23, 2011
Page Two

As previously mentioned, the original loan amount the Borrower agreed to was $243,100.00. Her current principal balance is $234,914.99, which indicates that $8,185.01 has been applied to principal during the life of the loan; therefore, the allegation that no payments have been applied to principal on this loan is false. Additionally, Section 2 of her Deed of Trust indicates that payments "…shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note…" MGC has received no payments since we acquired servicing of the loan from GMAC Mortgage on or around July 1, 2009. Enclosed is a copy of the payment history. If the Borrower disputes application of a specific payment, she may provide us that information and we will conduct further research.

While the current principal balance is $234,914.99 with the next installment due date of December 1, 2008, this amount does not reflect the payoff of the loan. In a letter dated January 27, 2011 from our attorney Shapiro & Kirsch, LLP, the Borrower is informed that the total amount of the debt is $281,373.08. That amount includes the principal, interest, fees, and escrow which are required to pay off the loan and make up a substantial amount of the payoff due to the delinquency of the loan. As of January 27, 2011, the payoff of the loan was calculated as follows:

| | |
|---|---|
| Principal Balance: | $234,914.99 |
| Interest through 4/19/2010: | $ 37,022.99 |
| Escrow Advances: | $ 5,446.98 |
| Total Fees: | $      12.00 |
| Accumulated Late Fees: | $ 1,313.51 |
| Recoverable Balance: | $ 2,662.61 |
| Total Balance: | $281,373.08 |

As of April 26, 2011, the payoff of the loan was calculated as follows:

| | |
|---|---|
| Principal Balance: | $234,914.99 |
| Interest through 4/26/2011: | $ 59,767.87 |
| Escrow Advances: | $ 11,764.86 |
| Total Fees: | $     355.25 |
| Accumulated Late Fees: | $    716.91 |
| Recoverable Balance: | $ 3,010.11 |
| Total Balance: | $310,529.99 |

██████, LLP also provided the Borrower with a reinstatement quote which ███████ expense breakdown for this loan on April 14, 2011 (enclosed). The ██████████ that she is requesting a detailed accounting of this breakdown; ██████████ information which only addresses the amounts due through April ██████ that our attorneys are unable to provide reinstatement figures for ██████████ of the loan and the charges that may accrue as a result of

**MGC Mortgage, Inc.**

7195 Dallas Parkway
Plano, Texas 75024
www.mgcmortgage.com
Tel 866-973-5399

Ms. Sheila Houser, Administrative Assistant
Congress of the United States, House of Representatives
June 23, 2011
Page Three

The listed amounts within the April 14, 2011 letter are substantiated by the loan history which has previously been provided to the Borrower's counsel, and we will enclose for your review. We are providing as much loan history as we have been afforded. If the Borrower requires a current itemization of the total amounts owed on this loan, she may contact our Customer Service Department at (877) 471-7888 to order a payoff.

The letter from the Borrower's counsel suggests that this loan requires a $250,000.00 balloon payment upon maturity. Please observe that the Note indicates that the loan matures on December 1, 2032 and does not indicate that there is a balloon payment at that time, though does state that if amounts are still owed under the Note, they will be paid on that date. The Deed of Trust further supports that statement by indicating that no Balloon Rider is required for this loan in the "Definitions" section (H).

Please be advised that while the letters from the Borrower and her counsel state that the Borrower has encountered significant economic hardship and that we should review the loan prior to proceeding with foreclosure, we have received no information from the Borrower requesting a modification or loan workout. This may have been requested from prior servicers, though MGC requires current information from the Borrower to consider her loan for any loss mitigation efforts. We have placed numerous telephone calls to the Borrower for collection and workout efforts; though have been unsuccessful in reaching the Borrower. We are willing to consider the Borrower's loan for loss mitigation if she contacts our Loss Mitigation Department at (877) 609-4727 to initiate the process. We will place the foreclosure proceedings on hold for 30 days to allow the Borrower time to submit a complete loss mitigation package. For the Borrower's convenience, we are enclosing a loss mitigation package with this letter.

As previously stated, we are enclosing certified copies of the Note, Deed of Trust, and applicable Riders. Additionally, we will enclose the Assignments for this loan. Unfortunately, we are unable to provide original documents to the Borrower for her inspection as these documents must remain in our files; therefore, we are providing certified copies of the original documents. Regarding loan transfers, we have enclosed the transfer letters we have previously sent to the Borrower.

On or around April 1, 2010, MGC entered into a relationship with Dovenmuehle Mortgage, ("DMI") at which time DMI agreed to sub-service MGC's loans. The Borrower was notified of this relationship in the Welcome Letter sent to her on or around March 16, which we have enclosed for your reference.

**... Mortgage, Inc.**

7195 Dallas Parkway
Plano, Texas 75024
www.mgcmortgage.com
Tel 866-973-2399

Ms. Sheila Houser, Administrative Assistant
Congress of the United States, House of Representatives
June 23, 2011
Page Four

We would like to assist the Borrower in keeping her home and encourage her to contact our Loss Mitigation or Customer Service Departments at the aforementioned telephone numbers to discuss modification or workout options.

Sincerely,

*Erica Thomas/mc*

Erica Thomas
Vice President

cc: Ms. Catherine Gebhardt

Enclosures