FILED 8 JUL '15 9:05 USDC-ORP

Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION** | Civil Case No. 3:14-cv-01836 |
| **Plaintiff,** | REDACTED |
| v. | **DEFENDANT'S MOTION TO** |
| **DENISE SUBRAMANIAM** | **STRIKE DECLARATION OF** |
| pro per | **MICHELLE CONNER** |
| **Defendant** | |

## MOTION TO STRIKE DECLARATION OF MICHELLE CONNER IN SUPPORT OF LNV'S MOTION FOR SUMMARY JUDGEMENT

Defendant incorporates herein all her pleadings in this case; her Notice of Directly Related Cases; her Notice of Constitutional Questions as well as the Notices of Constitutional Questions filed by the other LNV/Beal victims in the noticed related cases; and in her noticed related cases; and moves this court pursuant to Federal Rule 12 and Rules 607 and 608 and Rule 403 to strike the declaration of purported Senior Vice President of MGC Mortgage Inc. ("MGC"), Michelle Conner because it is false perjured testimony.

Michelle Conner is not on the Texas Franchise Tax, Texas Comptroller of Public Accounts as a Senior Vice President for MGC. (See Defendant's Exhibit A attached herein.)  Senior Vice President of MGC, Bret Maloney on July 11, 2014, in the United States Bankruptcy Court for the

*Defendant' Motion to Consolidate Directly Related Cases*                                        Page 1 of 8

Northern District of Illinois Eastern Division, Case No: 12-35690 at 10:00 AM gave testimony by deposition; and on page 28 of the transcript of this testimony he claims he is the ONLY Senior Vice President for MGC. (See Defendant's <u>Exhibit B</u> attached herein – for brevity and to reduce costs only the first three pages that identify the case and parties and page 28 are included in this excerpt of the deposition – the entire deposition is available either in PACER or Defendant can provide it in electronic format upon request.) This earlier Bret Maloney testimony impeaches the declaration testimony of Michelle Conner.

Additionally, Michelle Conner does not have "personal knowledge" of Defendant's mortgage as she claims. She only regurgitates the same false and legally impossible assertions specific to the assignment of Defendant's deed of trust and allonges to the "alleged" true and accurate copy of Defendant's Note that LNV makes in its foreclosure claims against Defendant's title to her property. These claims are in dispute and Ms. Conner's testimony by declaration adds not a shred of new evidence to substantiate LNV's claims.

Ms. Conner makes many false claims in her declaration testimony, but one worthy of note is that she claims Defendant did not pay the full monthly payment due on April 1, 2007. (Is she implying Defendant made a partial payment?) She states in her declaration:

> "Attached as Exhibit 4 is a true and correct copy of a document generated from MGC's computer systems, showing the status and partial history of the Loan ('Loan Status Report')"

This exhibit (Doc 54-4) does not show a specific missing payment for April 1, 2007; the exhibit instead makes a blanket generalized claim that the full amount of Defendant's loan was due as of April 1, 2007. This is not by even the farthest stretch of the imagination a "partial payment history" as Ms. Conner claims it is. And it is most certainly not "true and accurate."

First Defendant's payments were due on the 12th of each month and not on the 1st. Second Defendant was in an active Chapter 13 bankruptcy in April 2007. Apparently Ms. Conner is not aware of that fact either; hence more evidence she does not have personal knowledge of Defendant's mortgage as she claims. Thirdly, and most important, Defendant made many monthly payments on her mortgage beyond the April 1, 2007 date Ms. Conner claims she failed to make a payment. One such payment was made by personal check written payable to Litton Loan Servicing ("Litton"). This check (# 215) for $1,168.00 equal to one month's mortgage payment as per her bankruptcy plan cleared through Defendant's bank on **March 24, 2008** almost a year past the date Ms. Conner claims she stopped making payments. (See Defendant's Exhibit C a true and accurate copy of page 2 of 7 of her bank statement from March 1, 2008 to March 31, 2008 referencing the aforementioned transaction. Defendant has blacked out personal private data not relevant to this transaction.) Until she received the letter from Litton stating that MGC had acquired her loan, Defendant continued to make regular monthly payments by check to Litton after March 24, 2008. A recent audit of Defendant's bank statements show that Litton never attempted to cash the checks she had mailed after this March 24, 2008 payment.

As the evidence in Defendant's Exhibit C shows she continued to make payments on her mortgage long after the April 1, 2007 date Ms. Conner claims she stopped paying on her mortgage.

Defendant notes herein that Litton had deceptively hidden from her the party for which it was collecting payments, i.e. GMAC-RFC (GMAC subsidiary Residential Funding Company LLC), a party she now knows never had standing to collect payments from her.

Further evidence that Ms Conner does not have the personal knowledge she falsely claims in her declaration to have regarding Defendant's mortgage is the fact that she also doesn't know that on April 10, 2013 MGC and/or one of Beal's LPS agents caused to be filed with the Washington County Recorder's office a "Rescission of Notice of Default" recorded as Document # 2013-032226 which states that the default on Defendant's mortgage had been "cured." Elsewhere it stated that the default described in Notice of Default had been removed, paid, and overcome so that said Trust Deed should be reinstated. Legally, there are only two ways to halt a foreclosure in Oregon:

1. *ORS 86.755(2)* provides that a foreclosure trustee may "postpone" the scheduled sale date for one or more periods, totaling not more than 180 days from the original sale date.

2. *ORS 86.753* permits foreclosure sales to be "discontinued." However, this statute only authorizes discontinuance where the default described in the Notice of Default is "cured" by the borrower's payment of the arrearages.

Defendant has consistently claimed she never had a debt with Plaintiff, LNV or its MGC or any other Beal entity or with any Beal agent because no legal transfer of her Note and deed of trust to any Beal entity ever occurred. Because this was a primary claim made in her related case filed in September 2012, *Subramaniam v. Beal et al;* Case No: 3:12-cv-01681, and since she never made a single payment to MGC as a result of her steadfast claim which is supported by ample evidence; the only conclusion a reasonable person could make is that the Beal/LNV/MGC parties conceded to Defendant's claims that she had no debt with them and thus "cured" their false claim of default via the 2013 "Rescission of Notice of Default".

LNV now makes a new false claim of debt in violation of 15 U.S.C. 1601 et seq. and in yet another attempt to deceive this court. In doing so it has re-opened the Pandora's box. LNV/Beal shows its malicious intent to defraud based on the same false evidence it attempted to use in 2012 to defraud this court. This act re-opens the statute of limitations on all Defendant's earlier claims because this new predicate act of fraudulent foreclosure by LNV/Beal using forged instruments purporting to transfer title of Defendant's property causes Defendant new injury consistent with LNV/Beal's earlier predicate act that caused her injury in 2012; and which together with each of these two acts and another in 2011 and similar acts perpetrated against the LNV/Beal victims in the noticed related cases, constitutes a pattern of fraud and RICO activities.

Defendant has claimed since 2012 that three separate and conflicting sets of terms had been deceptively added into the Note that she signed; that it originated through fraud in the factum because of this intentional misrepresentation and other misrepresentations and omissions made with intent to deceive her and to cause her harm, which she relied on and which in fact did cause her harm; and that therefore the alleged "Note" was not an enforceable instrument; and that it was a legal impossibility for LNV to be the "holder" of the "original" Note as it claims; and yet Ms. Conner spews forth the same false claims already made by LNV which are and have been disputed by Defendant as if somehow by this new person (Ms. Conner) repeating the same falsehoods it will somehow make them less false. Ms. Conner states in her declaration:

> "The Loan is evidenced by the Adjustable Rate Note in the amount of $176,000.00, dated February 10, 2004 and signed by Defendant (the 'Note'). Attached as Exhibit 1 is a true and correct copy of the Note and the subsequent allonges to the Note. The original lender on the Note is People's Choice, and the borrower is Defendant... People's Choice transferred the Note to Residential Funding Company, LLC ('RFC') by endorsing the Note to the order of RFC in an allonge and delivering the Note and allonge to RFC. Ex. 1, p. 6. RFC, in turn, transferred the Note to LNV by endorsing it to the order of LNV in an allonge and delivering the Note and allonges to LNV. Ex. 1, p. 7. Through the allonges, LNV became the holder of the Note... On or about March 10, 2008, RFC assigned its

> beneficial interest in the Trust Deed to LNV. A true and correct copy of the Corporation Assignment of Deed of Trust executed by RFC ('Trust Assignment') and the Oregon State Recorder's cover sheet for the recordation thereof is attached hereto as Exhibit 3."

This "Trust Assignment" and the allonges which Ms. Conner falsely claims gives LNV standing to enforce Defendant's deed of trust through sell of her property are the very same "Trust Assignment" and the allonges that Defendant and the other LNV/Beal victims claim are forgeries and seek to have examined further by OMNI Document Examinations ("OMNI") for authenticity. (An examination was already completed by OMNI of several identical allonges specific to the noticed related cases, and identical to the one Ms. Conner claims delivers the Note and allonges to LNV in the present case, which is signed by Jason J. Vecchio, a former employee of GMAC-RFC; and whose signature on such allonge has already determined by OMNI to be stamped or photocopied signatures.)

Defendant has also claimed that the deed of trust filed in her county is not the deed of trust she signed at the closing of her mortgage; yet Ms. Conner, as if no dispute exists over the validity of the deed of trust recorded in Washington County, states in her declaration:

> "Attached as Exhibit 2 is a true and correct copy of the Deed of Trust, dated February 10, 2004, signed by Defendant, and recorded in Washington County, Oregon on March 1, 2004 as Instrument Number 2004-019937 (the 'Trust Deed')"

None of Ms. Conner's claims are true. Like all MGC's purported employees, Ms. Conner is of questionable character with no qualms about repeating lies and making statements under oath about matters of which she has no personal knowledge because her boss asked her to do so.

Ms. Conner's declaration testimony adds nothing of relevance to LNV's claims. Ms. Conner's testimony fails to meet the test for relevant evidence under Rule 401 and if the court permits this testimony to stand it violates Defendant's constitutional right to question the witness and

discredit and impeach her hearsay testimony. Ms. Conner offers nothing more than her questionable claim that she is a "Senior Vice President" of MGC (discredited by evidence in Defendant's Exhibits A, B and C attached hereto) which is not sufficient to support a finding that she has personal knowledge of the matter pursuant to Rule 602. She does not qualify as an expert witness pursuant to Rule 703. Pursuant to Rules 607 and 608 Defendant attacks Ms. Conner's credibility as a witness. Other witnesses alleging to be employed by MGC have similar problems with truthfulness (Bret Maloney; Jeff Tschirhart, Erica Thomas, and Grant Hamilton are only a few examples.) Ms. Conner's testimony is hearsay and not admissible pursuant to Rule 802. The "evidence" she provides has been previously submited by LNV.

Ms. Conner's testimony needlessly presents cumulative evidence, (i.e. evidence of which the parts reinforce one another, producing an effect stronger than any part by itself.) Defendant moves the court pursuant to Rule 403 to exclude this testimony because its probative value is substantially outweighed by a danger of it causing unfair prejudice, confusing the issues, misleading the jury, causing undue delay, and wasting the time.

The declaration of Michelle Conner should be stricken in its entirety; or the court should call this witness to the stand so Defendant can cross-examine her under oath as Defendant is entitled pursuant to Rule 614. Defendant reserves the right to attack the declarant's credibility pursuant to Rule 806 and to call the declarant as a witness and to examine her statements as if on cross-examination. Anything less would be a deprivation of her constitutional rights to due process and equal protection of law. While exercised more frequently in criminal than in civil cases, the authority of the judge to call witnesses is well established. *McCormick §8, p. 14; Maguire, Weinstein, et al.*, Cases on Evidence 303–304 (5th ed. 1965); 9 *Wigmore* §2484.

Because Ms. Conner's declaratory testimony refers to the "original" Note, its allonges and the suspect assignments of deed of trust; Defendant requests pursuant to Rule 1002 that these original writings/documents be produced in order to prove their contents and prove or disprove Ms. Conner's testimony about them. Pursuant to Rule 1003 Defendant and the other LNV/Beal victims in the noticed related cases raise a genuine question about the authenticity of LNV's "original" Notes, allonges and assignments of deed referenced by Ms. Conner's testimony and under these circumstances it is unfair to admit duplicate copies of these documents. Rule 901 requires authentication of evidence; to satisfy the requirement of Rule 901 the proponent (Plaintiff LNV) must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

THEREFORE, Defendant moves the court to either strike the declaration of Michelle Conner in its entirety or to call her before the court as a witness and thereby allow Defendant the ability to cross examine and impeach her testimony

Respectfully Submitted,

_____
Denise Subramaniam

# DEFENDANT'S EXHIBIT A

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record, pro-se parties and the United States Attorney General and the Attorney General of the State of Oregon via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested.

U.S. Department of Justice
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
202-514-2000


Gabrielle D. Richards | Perkins Coie LLP
1120 NW Couch Street
10th Floor
Portland, Oregon 97209-4128
D. +1.503.727.2255
F. +1.503.346.2255
grichards@perkinscoie.com


Respectfully Submitted,

_____
Denise Subramaniam



**Window on State Government**  Glenn Hegar  Texas Comptroller of Public Accounts

Taxable Entity Search Results
Taxable Entity Search

# Officers and Directors

MGC MORTGAGE, INC.
Report Year: 2014

Return to: Taxable Entity Search Results

Officer and director information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.state.tx.us or Comptroller of Public Accounts, Open Government Division, PO Box 13528, Austin, Texas 78711.

| | |
|---|---|
| VICE PRESI | **ALLISON MARTIN**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **BRET MALONEY**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **DOUGLAS KROISS**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| CHIEF INFO | **GARY POWERS**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **GARY POWERS**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| VICE PRESI | **GRANT HAMILTON**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| DIRECTOR | **JACOB CHERNER**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| CHIEF EXEC | **JACOB CHERNER**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |

| Title | Name / Address |
|---|---|
| PRESIDENT | **JACOB CHERNER**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **JAMES ERWIN**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| VICE PRESI | **JEFF TSCHIRHART**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| ASSISTANT | **JEREMY COBB**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **KENT TWITCHELL**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| ASSISTANT | **MELISSA SASSINE**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **MICHELLE CONNER**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| ASSISTANT | **OLIVIA RAHN**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| ASSISTANT | **RENITA HOLLAND**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **ROBERT ACKERMANN**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| CHIEF FINA | **SCOTT THOMAS**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| EXECUTIVE | **STEVE HARVEY**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| VICE PRESI | **STUART MILES**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SVP | **TIM H TAYLOR**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| SECRETARY | **TIM H TAYLOR**<br>6000 LEGACY DRIVE<br>PLANO , TX 75024 |
| ASSISTANT | **TOLLIE GOODWIN**<br>6000 LEGACY DRIVE |

PLANO , TX 75024

*ASSISTANT*

**WADE TOLMAN**
6000 LEGACY DRIVE
PLANO , TX 75024

---

texas.gov | Statewide Search from the Texas State Library | State Link Policy | Texas Homeland Security

**Glenn Hegar,** Texas Comptroller • Window on State Government • Contact Us
Privacy and Security Policy | Accessibility Policy | Link Policy | Public Information Act | Compact with Texans

# DEFENDANT'S EXHIBIT B

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                         )
                               )    Judge Carol A. Doyle
CHRISTOPHER T. SWIFT and)
MARCIA A. SWIFT,               )    No. 12-35690
                               )
        Debtors.               )    Chapter 13


RULE 30(B)(6) DEPOSITION OF
BRET MALONEY
JULY 11, 2014
10:00 A.M.

Called as a witness herein, pursuant to the Federal Rules of Civil Procedure of the United States Bankruptcy Court, pertaining to the taking of depositions, before WENDY M. STRICKLER, C.S.R., License No. 084-003257, qualified and commissioned for the State of Illinois, taken at 900 Jorie Boulevard, Suite 150, Oak Brook, Illinois.


COUNSEL PRESENT:
    SULAIMAN LAW GROUP, by
    MR. PAUL M. BACH and
    MS. PENNY BACH
    900 Jorie Boulevard
    Suite 150
    Oak Brook, Illinois   60523

        appeared on behalf of the Debtors;

Bret Maloney
July 11, 2014

2

1  COUNSEL PRESENT: (Contd.)
2       FREEDMAN, ANSELMO, LINDBERG, by
        MR. CHRIS IARIA
3       1771 W. Diehl Road
        Suite 120
4       Naperville, Illinois  60563
5            appeared on behalf of the Defendant.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Bret Maloney
July 11, 2014

3

1                        I N D E X
2  WITNESS:                                    PAGE
3  BRET MALONEY
4       Examination by Mr. Bach                  4
        Examination by Ms. Bach                108
5       Examination by Mr. Iaria               122
6
7
                        E X H I B I T S
8
   Deposition Ex. No. 1                          5
9  Deposition Ex. No. 2                         38
   Deposition Ex. No. 3                         40
10 Deposition Ex. No. 4                         43
   Deposition Ex. No. 5                         61
11 Deposition Ex. No. 6                         63
   Deposition Ex. No. 7                         74
12 Deposition Ex. No. 8                         74
   Deposition Ex. No. 9                         74
13 Deposition Ex. No. 10                        83
   Deposition Ex. No. 11                        90
14 Deposition Ex. No. 12                        91
15
16
17
18
19
20
21
22
23
24

County Court Reporters, Inc.
630.653.1622

1  and I appreciate that.
2          A basic question is that I have is before
3  you got involved -- and obviously I can see from your
4  card that you are a senior vice president -- I am
5  guessing that's what SVP stands for, correct?
6      A.  **That is correct.**
7      Q.  Could be special vice president, but I didn't
8  think that they would do that to you.  But I assume that
9  you are pretty high up in the chain of command,
10 correct?
11     A.  **Within MGC, yes.**
12     Q.  How many -- I will ask this question.  How
13 many senior vice presidents are there?
14     A.  **Under MGC, I am the only one.**
15     Q.  Okay.  And you have default management because
16 that's basically what -- Are there any other functions
17 besides that that someone else takes care of or do you
18 take care of all the vice presidential type things, or
19 are there other vice presidents that takes of other
20 things which are not a senior vice president?
21     A.  **There is another vice president who is vice**
22 **president of operations and compliance, and then there**
23 **is my CCO who would be above me.**
24     Q.  Okay.  Mr. Beal has a position there, too?

# DEFENDANT'S EXHIBIT C

Page 2 of 7
Statement Period
03/01/08 through 03/31/08
E00  P  PE  `0E 43
Enclosures 1
Account Number

### Security Features FREE with your Business Check Card

Defense against unauthorized use if card is lost or stolen, fraud monitoring and guaranteed credit. Zero liability for fraudulent transactions when reported within 60 days from statement date. Free online banking alerts - prevent overdrafts and monitor irregular activity.

### Economy Checking

DENISE M SUBRAMANIAM

#### Your Account at a Glance

| | |
|---|---|
| Account Number | Statement Beginning Balance |
| Statement Period     03/01/08 through 03/31/08 | Amount of Deposits/Credits |
| Number of Deposits/Credits | Amount of Withdrawals/Debits |
| Number of Withdrawals/Debits | Statement Ending Balance |
| Number of Deposited Items | |
| | Average Ledger Balance |
| Number of Days in Cycle | Service Charge |

#### Deposits and Credits

| Date Posted | Amount ($) | Description | | Bank Reference |
|---|---|---|---|---|
| 03/04 | | | Ccd | |
| 03/12 | | | Ccd | |
| 03/12 | | | Ccd | |
| 03/17 | | | Ppd | |
| 03/26 | | | Ppd | |

#### Withdrawals and Debits
#### Checks

| Check Number | Amount ($) | Date Posted | Bank Reference | Check Number | Amount ($) | Date Posted | Bank Reference |
|---|---|---|---|---|---|---|---|
| 204 | | 03/17 | | 213 | | 03/10 | |
| 212* | | 03/03 | | 215* | 1,168.00 | 03/24 | 8130037925228 |
| | | 03/06 | | | | | |

* Gap in sequential check numbers.

