Denise Subramaniam  
Self-represented  
13865 SW Walker Rd  
Beaverton OR 97005  
503-764-5300

FILED 8 JUL '15 9:04 USDC-ORP

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION**<br>**Plaintiff,**<br>v.<br>**DENISE SUBRAMANIAM**<br>**pro per**<br>**Defendant** | Civil Case No. 3:14-cv-01836<br><br>DEFENDANT'S MOTION FOR<br>JUDICIAL NOTICE OF<br>JUDICIAL DECISION AND ORDER<br>IN LNV CORPORATION V. MADISION<br>REAL ESTATE LLC |

DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF ~~INFORMATION AND CRIMINAL INDICTMENT AND PLEA~~ Judicial DECISION & ORDER ~~AGREEMENT OF LORRAINE BROWN~~ in LNV Corporation v. Madison Real Estate LLC

Comes now Defendant, Denise Subramaniam, representing herself, and moves this court pursuant to Federal Rule 201 Judicial Notice of Adjudicative Facts to take judicial notice of the documents described herein in and in support states as follows:

1. THE DEFENDANT moves this Court to take judicial notice of:

   Judicial Decision and Order, *LNV Corporation v. Madison Real Estate, LLC*, Docket No: 103576/2010, Supreme Court, New York County, 2010 NY Slip Op 33376U) (See "Exhibit A" attached hereto.)

2. <u>Federal Rule of Evidence 201</u> – "Judicial Notice of Adjudicative Facts" states:

   (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

 (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

  (1) is generally known within the trial court's territorial jurisdiction; or

  (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

 (c) Taking Notice. The court:

  (1) may take judicial notice on its own; or

  (2) **must** take judicial notice if a party requests it and the court is supplied with the necessary information.

3. In the present case the court is supplied with the adjudicative fact to be noticed, i.e. Defendant's exhibit A.

4. The judicial decision and order (adjudicative fact) in the aforementioned case to be noticed is relevant to the present case because it shows that another judge has found that LNV Corporation ("LNV"), Plaintiff in this foreclosure case, lacked standing to foreclose. The circumstances in the present case and the case to be judicially noticed are identical with the present case. Defendant in the present case claims LNV lacks standing to foreclose in the present case. (Many similar judicial decisions and orders specific to LNV or other Beal owned entities such as LPP Mortgage Inc. show that other judges have determined that these Beal entities lack standing to foreclose. Judge Louis B. York cited on in his decision to be noted here: *LPP Mortgage Lfd v. Sabin8 Properties, No.* IO364811 0, 2010 N.Y. Misc. LEXIS 4216, at *7 (Sup. Ct. N.Y. Co. Sept. 1, 2010), )

5. Quoting from the judicial decision and order to be judicially noticed in the present case:

> "A defendant may seek dismissal of a claim if the plaintiff cannot show that it has legal capacity to sue. CPLR 5 321 1 (a)(3). If Defendant shows that Plaintiff lacks standing to sue, Plaintiff may not proceed in this action. See *Stark v. Goldberg*, 297 A.D.2d 203, 204, 746 N.Y.S.2 d 280, 281 (1st Dept. 2002). In an action for foreclosure Plaintiff must show that it is the owner of the note as well as the mortgage at the time the action is commenced. See *LPP Mortgage Lfd v. Sabin8*

*Properties, No*. IO364811 0, 2010 N.Y. Misc. LEXIS 4216, at *7 (Sup. Ct. N.Y. Co. Sept. 1, 2010), (quoting *LaSalle Bank Nat'l Ass'n v. Lamy,* 12 Misc3d 119l[A], 1191, 824 N.Y.S.2d 769, 2006 NY Slip Op 51534[U] (Sup Ct Suffolk Co. 2006))....

Defendant argues that Plaintiff does not hold title to both the note and the mortgage in this case. Absent an effective transfer of the debt as well as the note, the assignment of the mortgage is void and Plaintiff cannot foreclose on the properly for nonpayment of the note. See U.S. Bank Nat'l Ass'n v. Merino 16 Misc. 3d 209, 212, 836 N.Y.S.2d 853, 855 (Sup. Ct. Suffolk Co. 2007); Merit v. Bartholick 36 N.Y. 44, 45 (1 867). According to Defendant, Plaintiff cannot foreclose because 'la necessary element of the plaintiffs cause of action for foreclosure of the mortgage is precluded where the plaintiffs ownership interest in both the note and the mortgage is not ascertainable from the pleadings and the documentation submitted in support of the motion." Lamy, 824 N.Y.S.2d at 769 (Sup. Ct. Suffolk Co. 2006)....

ORDERED that Defendant's motion to dismiss is granted;"

6. Federal Rule 301 Presumptions in Civil Cases states:

"...unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."

7. LNV as the plaintiff had the burden of proof or persuasion in the present case. LNV submitted to the court various mortgage related documents that included deed assignments, the deed of trust, the note with endorsements and allonges to the note as evidence of its standing to foreclose on Defendant's property. Defendant challenges the authenticity of these documents. However deed assignments, since they are filed with the property recorders' office carry a presumptive burden. Presumptions governed by Rule 301 are given the effect of placing upon the opposing party (Defendant in the present case the burden of establishing the nonexistence of the presumed fact, once the party invoking the presumption establishes the basic facts giving rise to it.

8. Adjudicative fact in the criminal indictment and conviction of Lorraine Brown (See Defendant's Motion for Judicial-Notice of Information and Criminal Indictment and Plea Agreement of Lorraine Brown (Documents 64 and 64-1) for conspiracy to commit mail and wire fraud defeats the burden of presumption that deed assignments and other documents filed with a property recorders' office must be genuine. Adjudicative fact in this noticed criminal conviction establishes that over 1 million fraudulently signed and notarized mortgage-related documents were produced through the crimes of Lorraine Brown and her co-conspirators and these false and forged documents were filed enmass with property recorders' offices across the country; THEREFORE courts cannot assume the genuineness of such records.

9. The document attached hereto as Exhibits "A" may be accessed online from PACER under *LNV Corporation v. Madison Real Estate, LLC*, Docket No: 103576/2010, Supreme Court, New York County, 2010 NY Slip Op 33376U).

10. Timely written notice of this request is hereby given by email and postal mail service upon Plaintiff's counsel as required by law.

11. WHEREFORE, pursuant to Federal Rule of Evidence 201 THE DEFENDANT moves this Court to take Judicial Notice of the Judicial Decision and Order in: *LNV Corporation v. Madison Real Estate, LLC*, Docket No: 103576/2010, Supreme Court, New York County, 2010 NY Slip Op 33376U) without hearing and for such other and further relief as this Court deems just and proper under the circumstances.

Denise Subramaniam, Pro-per

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record, pro-se parties and the United States Attorney General and the Attorney General of the State of Oregon via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested.

U.S. Department of Justice
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
202-514-2000


Gabrielle D. Richards | Perkins Coie LLP
1120 NW Couch Street
10th Floor
Portland, Oregon 97209-4128
D. +1.503.727.2255
F. +1.503.346.2255
grichards@perkinscoie.com



Respectfully Submitted,

_[signature]_

Denise Subramaniam

# DEFENDANT'S EXHIBIT A

# DEFENDANT'S EXHIBIT A

| |
|---|
| **LNV Corp. v Madison Real Estate, LLC** |
| 2010 NY Slip Op 33376(U) |
| December 6, 2010 |
| Supreme Court, New York County |
| Docket Number: 103576/2010 |
| Judge: Louis B. York |
| Republished from New York State Unified Court System's E-Courts Service. Search E-Courts (http://www.nycourts.gov/ecourts) for any additional information on this case. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **LOUIS B. YORK**        PART 2
               J.S. Justice

LNV Corp

- v -

Madison

INDEX NO. 103576-2010
MOTION DATE _____
MOTION SEQ. NO. 1
MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☒ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion

**MOTION IS DECIDED IN ACCORDANCE WITH ACCOMPANYING MEMORANDUM DECISION.**

**FILED**

DEC 09 2010

NEW YORK
COUNTY CLERK'S OFFICE

Dated: 12/6/10        _____ J.S.C.
                                       LOUIS B. YORK

Check one: ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST    ☐ REFERENCE
                  ☐ SUBMIT ORDER/ JUDG.    ☐ SETTLE ORDER/ JUDG.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____ FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 2
-----------------------------------------------------------------x
LNV CORP.,

                         Plaintiff,

Index No.: 103576/2010

          -against-

DECISION/ORDER

MADISON REAL ESTATE, LLC,

**FILED**

                       Defendant.

**DEC 09 2010**

-----------------------------------------------------------------x

NEW YORK
COUNTY CLERK'S OFFICE

**LOUIS B. YORK, J.S.C.:**

Plaintiff LNV Corporation, a banking corporation organized under the laws of the State of Nevada, brings this action for foreclosure against Defendant, Madison Real Estate, LLC, (Madison Real Estate) the owner of 55 Wall Street Unit 633 (55 Wall Street). The complaint alleges that Defendant executed a note whereby it agreed to pay $513,000 with interest to Wall Street Mortgage Bankers LTD (Wall Street). As security for the payment, Defendant executed and delivered a mortgage for the property at 55 Wall Street in the amount of the debt. Under the original mortgage agreement between Wall Street and Madison Real Estate in the section titled "Borrower's Transfer to lender of Rights in the Property", Mortgage Electronic Registration Systems (MERS),

> "holds only legal title to the rights granted... by me in this Security Instrument, but, if necessary to comply with law or custom MERS (as nominee for Lender and Lender's successors and assigns) has the right:
>
> (A) To exercise any or all of those rights, including but not limited to, the right to foreclose and sell the Property ; and

1

(B) To take any action required of lender, including but not limited to, releasing and cancelling this Security Instrument."

The agreement also defines MERS as a separate corporation acting as mortgagee for the purposes of recording the mortgage for Wall Street.

Plaintiff alleges that under this mortgage agreement, MERS had the authority to transfer the mortgage and underlying note to Plaintiff on behalf of Wall Street. Plaintiff bases this cause of action on Defendant's failure to comply with the conditions of the mortgage and note because Defendant did not pay the principal and interest that were due and payable on March 1, 2009. Plaintiff now calls due on the entire amount with interest that was secured by the mortgage.

Presently, Defendant moves to dismiss the complaint. According to Defendant, Plaintiff does not have standing under CPLR § 3211 (a)(3) because Plaintiff is not the owner of the note underlying the mortgage. Defendant also alleges that Plaintiff does not state an actionable claim under CPLR § 3211(a)(7) because Plaintiff did not send a notice of breach to Defendant and therefore failed to comply with a condition precedent to accelerating the cause of action for foreclosure.

## Standing

A defendant may seek dismissal of a claim if the plaintiff cannot show that it has legal capacity to sue. CPLR § 3211(a)(3). If Defendant shows that Plaintiff lacks standing to sue, Plaintiff may not proceed in this action. *See Stark v. Goldberg,* 297 A.D.2d 203, 204, 746 N.Y.S. 2d 280, 281 (1st Dept. 2002). In an action for foreclosure Plaintiff must show that it is the owner of the note as well as the mortgage at the time the action is commenced. *See LPP Mortgage Ltd v. Sabine Properties,* No. 103648/10,

2

2010 N.Y. Misc. LEXIS 4216, at *7 (Sup. Ct. N.Y. Co. Sept. 1, 2010), (quoting *LaSalle Bank Nat'l Ass'n v. Lamy*, 12 Misc3d 1191[A], 1191, 824 N.Y.S.2d 769, 2006 NY Slip Op 51534[U] (Sup Ct Suffolk Co. 2006)).

Defendant argues that Plaintiff does not hold title to both the note and the mortgage in this case. Absent an effective transfer of the debt as well as the note, the assignment of the mortgage is void and Plaintiff cannot foreclose on the property for nonpayment of the note. *See U.S. Bank Nat'l Ass'n v. Merino* 16 Misc. 3d 209, 212, 836 N.Y.S.2d 853, 855 (Sup. Ct. Suffolk Co. 2007); *Merrit v. Bartholick* 36 N.Y. 44, 45 (1867). According to Defendant, Plaintiff cannot foreclose because "a necessary element of the plaintiff's cause of action for foreclosure of the mortgage is precluded where the plaintiff's ownership interest in both the note and the mortgage is not ascertainable from the pleadings and the documentation submitted in support of the motion." *Lamy*, 824 N.Y.S.2d at 769 (Sup. Ct. Suffolk Co. 2006).

Plaintiff argues that it has standing because MERS validly executed the assignment of the mortgage and transferred the underlying note on behalf of Wall Street. Plaintiff cites to the section of the mortgage agreement titled "Borrower's Transfer to Lender of Rights in the Property," where it states that "MERS has the right: ... (B) to take any action required of Lender including, but not limited to, releasing and cancelling the Security Instrument." *See* Exhibit B in Defendant's Notice of Motion. Plaintiff contends that this language authorized MERS to assign the mortgage and that the assignment included the right to foreclose on the property if the Defendant defaulted on payments of the note.

A plaintiff who seeks to foreclose on a mortgage must hold legal or equitable interest in it. See Katz v. East-Ville Realty Co., 249 A.D.2d 243, 243, 672 N.Y.S.2d 308, 309 (1st Dept. 1998). The parties do not dispute that the mortgage was assigned to Plaintiff. However, because Plaintiff seeks to recover for non-payment of the note, the issue is whether the assignment of the mortgage contract to Plaintiff also transferred interest in the underlying note. There is little precedent which speaks directly to the standing issue in this case. However, after careful consideration, the court concludes that Plaintiff lacks standing to sue under CPLR § 3211(a)(3).

The court in Katz cites to a Second Department case which elaborates on the ownership interests associated with the transfer of a mortgage. In Kluge v. Fugazy, 145 A.D.2d 537, 538, 536 N.Y.S.2d 92, 93 (2nd Dept. 1988), the plaintiff attempted to foreclose upon a note where it held title to the mortgage, but not the underlying note. There, the court held that "absent transfer of the debt, the assignment of the mortgage is a nullity." Implicitly, therefore, Katz approved of the holding that a plaintiff may foreclose on a mortgage if it shows that it holds title to the mortgage as well as the underlying debt.

In this case, Plaintiff has not provided any evidence which shows that when MERS assigned the mortgage to Plaintiff, it also transferred the interest in the underlying note. According to the mortgage assignment contract, MERS held legal title to the mortgage. There is no language in the agreement which transfers interest in the note to MERS. Because MERS did not hold title to the underlying note, it could not transfer any rights to the underlying note when it assigned the mortgage to Plaintiff. See LPP Mortgage Ltd v. Sabine Properties No. 103648/10, 2010 N.Y. Misc. LEXIS 4216, at

4

*7 (Sup. Ct. N.Y. Co. Sept. 1, 2010); *Lamy*, 824 N.Y.S.2d at 769 (Sup. Ct. Suffolk Co. 2006); *HSBC Bank USA v. Miller*, 26 Misc. 3d 407, 411, 889 N.Y.S.2d 430, 433 (Sup. Ct. Sullivan Co. 2009). Without a transfer of title to the underlying note, Plaintiff cannot foreclose on the property based on default payment and lacks standing under CPLR § 3211(a)(3).

## Acceleration

Defendant also argues that dismissal of the case is warranted because Plaintiff violated a condition precedent to acceleration when it did not provide Defendant with notice of breach. Though the court does not reach this issue as Plaintiff has no standing, it notes that Defendant's argument has no merit. Defendant contends that pursuant to the mortgage agreement, Plaintiff had to send a letter of breach before it commenced a foreclosure action and because Plaintiff did not provide Defendant with notice, the claim should fail under CPLR § 3211(a)(7). However, as Plaintiff points out, the relevant statute does not require that it plead a condition precedent in the initial complaint. *See* CPLR § 3015(a). According to the statue, Plaintiff must prove the occurrence or performance of a condition precedent at trial.

Therefore, it is

ORDERED that Defendant's motion to dismiss is granted; and it is further

ORDERED that this action is dismissed; and it is further

ORDERED that the clerk of the court directed to enter judgment accordingly.

ENTER:   **FILED**

Dated: 12/6/10

*Levy*

**LOUIS B. YORK**
**J.S.C.**

DEC 09 2010

NEW YORK
COUNTY CLERK'S OFFICE

5