Case No. 15-35813

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

LNV CORPORATION
Plaintiff-Appellee

v.

DENISE SUBRAMANIAM
Defendant-Appellant

On Appeal from the United States District Court
Oregon District Portland Division
Case No. 3:14-CV-01836-MO

**APPELLANT'S MOTION TO FILE IN FORMA PAUPERIS**

Denise Subramaniam
13865 SW Walker Rd.
Beaverton Oregon
T: 503-764-5300
E: deesyfert@gmail.com
Pro Se Appellant

Appellant hereby moves to file her appeal in forma pauperis without paying filing fees because she lacks adequate financial resources. Attached is her completed Form CJA23 downloaded from the court's website. Appellant's medical expenses exceed $200/month. She incurred more than $4,500 in medical debt from her March 2015 spinal surgery and pre and post operative care. She struggles to pay $125/month to prevent this debt from going into collections. She has ongoing prescription expenses of approximately $100/month. Appellant's doctors ordered further medical tests and suspect she'll need additional surgeries, but she put this off

until she can resolve her existing medical debt; and because she can't manage medical appointments, surgery and recovery while she also represents herself in complex litigation that could result in her being deprived of her home, which accommodates her disabilities. Deprivation of her home would cause more damage to her health and wellbeing than could be fixed by further medical procedures.

One of Appellant's disabilities, multiple chemical sensitivity syndrome, also referred to as environmental illness, (MCS/EI), is a debilitating condition that causes severe physiological reactions that include asthma and other respiratory problems, inflammation, rashes, cognitive dysfunction, headaches and migraines, chronic fatigue, and even seizures. HUD recognizes MCS/EI as a disability requiring housing accommodations under the Americans with Disabilities Act and the Fair Housing Act. Maintaining possession of her home is essential to Appellant's ability to function and maintain any sense of a normal life.

Appellant and others who suffer from acute forms of MCS/EI become unable to function beyond basic survival activities as a result of prolonged exposures to even minute amounts of chemicals in every day products manufactured for personal hygiene, laundry, cleaning, pest control, automotive care, etc; and found in today's building materials (her home was built before the widespread use of such toxic materials). Studies show 5% of the population suffers for acute debilitating MCS/EI while 25% suffer milder symptoms. Those in the later group are at higher risk for the debilitating form of MCS/EI.

Going out into the world is a challenge for Appellant and others who suffer from MCS/EI. Appellant wears a mask in enclosed public spaces to minimize reactions and reduce

long-term effects from exposures. Appellant's home is a safe place where she can recuperate from exposures when she ventures outside her home.

Appellant has opened her home to other impoverished mostly elderly women who suffer from MCS/EI while they await HUD or section 8 housing; which has become increasingly difficult to find in the current rental market fueled by the surge of foreclosures fuels a dramatic increase in rental fees. This makes it exceptionally difficult those with very low incomes to find affordable housing. A lopsided supply and demand of rental units means a decrease in landlords' willingness to provide accommodations for the handicapped or to accept HUD vouchers making it nearly impossible for those with MCS/EI to find affordable safe housing.

Appellant provides a service to the community by accommodating these often desperate women, and has done so for many years. Appellant is known among the MCS/EI community to provide such MCS/EI housing.

The women referred to Appellant are sometimes homeless; living in their cars or staying nights at places like Denny's where they can buy coffee with endless refills and dose at their table. Appellant wants to be honest with the court. She didn't fill out the "Other Income" section of Form CJA23 even though she houses other impoverished women with MCS/EI who will be displaced if Appellant loses her home to wrongful foreclosure because she doesn't collect rent from them. She asks no questions about income, but she knows through the MCS/EI network the women she houses have exceptionally low incomes and high medical expenses. They contribute to utility expenses which their presence in Appellants' home causes to increase. Sometimes what they can afford to contribute is not enough to cover the extra expense they create. Appellant's

home has no insulation and old leaky windows so utility bills for electricity and natural gas in the winter become excessive and are often higher than what she stated on Form CJA23.

Before Appellant's energy was diverted to defending herself against LNV Corporation's wrongful foreclosure action filed in November 2014 Appellant was regularly involved as a leader in programs sponsored by several national MCS/EI based non-profit organizations and members of the MCS/EI community that focus on finding solutions for the severe shortage of safe housing for those in the MCS/EI community. She is known as a proponent of intentional communities and non-profit community land trusts as solutions for the MCS/EI housing crisis. Appellant's intention is, and has been, to create a community land trust making her property a non-profit MCS/EI safe house that will survive beyond her own death and continue to provide safe housing for MCS/EI sufferers and to raise public awareness about MCS/EI.

Appellant is permanently disabled and her financial situation is not likely to improve.

*Denise Subramaniam*
Self-Represented

| %CJA 23 | **FINANCIAL AFFIDAVIT** |
|---|---|
| Rev. 5/98 | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE |

IN UNITED STATES  ☒ MAGISTRATE  ☐ DISTRICT  ☐ APPEALS COURT  or  ☐ OTHER PANEL (Specify below)
IN THE CASE

LNV v.s. Denise Subramaniam

FOR
AT

LOCATION NUMBER

PERSON REPRESENTED (Show your full name)
Denise Subramaniam

1 ☒ Defendant-Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other

DOCKET NUMBERS
Magistrate

District Court
3:14-cv-01836-MO

Court of Appeals
15-35813

CHARGE/OFFENSE (describe if applicable & check box →)  ☐ Felony  ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**EMPLOYMENT**
Are you now employed?  ☒ Yes  ☐ No  ☐ Am Self-Employed
Name and address of employer: ____
IF YES, how much do you earn per month? $ ____
IF NO, give month and year of last employment ____
How much did you earn per month? $ ____
If married is your Spouse employed?  ☐ Yes  ☐ No
IF YES, how much does your Spouse earn per month? $ ____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ ____

**ASSETS**

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☒ Yes  ☐ No

| | RECEIVED | SOURCES |
|---|---|---|
| IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES | $ 1200+ | SSD Disability Benefits (The IRS takes @ $180 because they think I owe them $ - I don't but this case keeps me from disputing that |
| | $ | |
| | $ 16 | Food Stamps |

**CASH** Have you any cash on hand or money in savings or checking accounts?  ☒ Yes  ☐ No  IF YES, state total amount $ 50 avg. balance

**PROPERTY** Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☒ Yes  ☐ No

| | VALUE | DESCRIPTION |
|---|---|---|
| IF YES, GIVE THE VALUE AND DESCRIBE IT | $ 3000 | 2002 Jeep Cherokee |
| | $ 150,000 | my home at 13865 SW Walker Rd, Beaverton OR 97005 |
| | $ | the property above is the object of the dispute I am appealing |
| | $ | |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
MARITAL STATUS
☐ SINGLE
☐ MARRIED
☐ WIDOWED
☒ SEPARATED OR DIVORCED

Total No. of Dependents ____

List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| Utilities including PGE, NW Natural, Tualitin Water, sewer, trash, internet & phone, etc | | $ | $500 |
| Food | | $ | $@300 |
| Property Taxes and IRS deduction | | $ | $450 |

I certify under penalty of perjury that the foregoing is true and correct.   Executed on (date) Nov 20, 2015

SIGNATURE OF DEFENDANT
(OR PERSON REPRESENTED) ▶ /s/ Denise