Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

FILED28 JAN '16 15:24USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION** <br> **Plaintiff,** <br> v. <br> **DENISE SUBRAMANIAM** <br> pro per <br> **Defendant** | **Civil Case No. 3:14-cv-01836** <br><br> RULE 60 MOTION FOR RELIEF FROM UNCONSTITUTIONAL SUMMARY JUDGMENT ORDER |

### RULE 60 MOTION FOR RELIEF FROM UNCONSTITUTIONAL VOID SUMMARY JUDGMENT ORDER

Here comes Defendant, Denise Subramaniam, self represented, and hereby moves this Honorable Court for relief under Federal Rule 60 from Judge Mosman's OPINION AND ORDER [Document 111] Filed 10/16/15 Granting Plaintiff's motion for summary judgment[53].

Said ORDER is VOID. Defendant also moves the court to vacate this ORDER and the subsequent Judgment for Foreclosure entered on 11/04/15 [Document 116-1].

Pursuant to Rule 60(b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; and... (4) the judgment is void;... (6) any other reason that justifies relief.

It is well established in law that a party seeking to foreclose on Real Property must show good cause. If this party was not the originator of the mortgage, they must have been conveyed the debt (the "Note") as well as conveyance of the deed of trust through assignment.

In the present case Plaintiff LNV had neither.

Plaintiff LNV submitted as exhibits to its foreclosure complaint it claimed to be a true and accurate copy of the "original" note. Defendant examined this Note in the Perkins Coie law office. She determined that what she was shown was, in fact, not the "original" Note but a digitalized color enhancement of a photocopy. She took photographs of an endorsement purported to be made by **Dana Lantry** as Asst. Vice President of People's.



To the left is a close-up of this questioned endorsement. Notice the "CANCELLED" stamp on the "Pay to the Order of" line. Defendant wrote a letter to JPMorgan Chase asking what what this stamp means. In September 2015 Denise Price from Chase's executive office phoned and told her Chase couldn't answer her question because they didn't have it in Chase's records.

Notice on this endorsement Dana Lantry signed as "Asst. Vice President" of People's Choice Home Loan, Inc. On June 28, 2006 an assignment of deed of trust was recorded with Defendant's county also endorsed by Dana Lantry and conveys beneficial interest in the deed of trust from People's to **Homecomings Financial Network, Inc.** This assignment is included as

**Exhibit A** hereto. Below is a close-up of this Dana Lantry endorsement as "Asst. Vice President" of People's Choice Home Loan, Inc., this endorsement was **executed on 12/29/2005**, and this fact is self-evident from the face of the instrument. Beside this endorsement is a close-up of another endorsement by on an undated allonge to the "original" Note Ms. Richards showed Defendant at her office.



Close-up from the 2006 assignment of deed of trust with a 12/29/2005 execution date.



Close-up from the endorsement on the allonge to the note – logically executed the same day, 12/29/2005, as the assignment.

Notice on the allonge, Dana Lantry is the "Vice President" of People's. Any reasonable person would conclude that if such a conveyance took place on **12/29/2005** then Dana Lantry's executive position with People's would have not changed between the times she endorsed each of these three instruments.

More importantly, the assignment states the conveyance was to **Homecomings Financial Network, Inc.** while the questioned allonge to the questioned Note states the conveyance was to **Residential Funding Company LLC**. The photograph Defendant took of this allonge is included as **Exhibit B** hereto.

Defendant had filed a complaint against Beal/LNV/MGC in 2012, (*Subramaniam v. Beal et al*, *3:12-c-1681-MO US District Court Oregon Portland Division*). In early 2013 a securitization

audit and title search was completed by William J. Paatalo of BP Investigations. His sworn declaration was entered into court record on April 3, 2013 and was entered into court record in the present case as an exhibit.

Paatalo's audit determined the Subramaniam loan with People's Choice Home Loans was securitized into the Bear Stearns "BSAB 2004-HE4 Trust." The Paatalo audit identified EMC as the "seller" and "master servicer" for the BSAB 2004-HE4 Trust.

The 2013 Paatalo audit as per his sworn declaration found:

1. The Trust's Prospectus states "EMC Mortgage Corporation purchased the mortgage loans directly in privately negotiated transactions."
2. The Trust's Pooling and Servicing Agreement ("PSA") states: "It is the express intent of the parties hereto that **the conveyance** of the Mortgage Notes, Mortgages, assignments of Mortgages, title insurance policies and any modifications and/or assumption agreements and private mortgage insurance policies relating to the Mortgage Loans by the Seller to the Depositor, and by the Depositor to the Trustee **be construed as, an absolute sale thereof** to the Depositor or the Trustee, as applicable."
3. The Subramaniam loan was "paid off" in the BSAB 2004-HE4 Trust in December 2005; and it was current.
4. The Subramaniam loan was registered in the MERS system, but no record of this was recorded by assignment.
5. "The trust entities never perfected their security interests for the following reasons:
   a. There have been three assignments of the DOT recorded in the county land records. Assignment #1 was recorded on 06/28/06 as document No. 2006-077542. This assignment was allegedly executed on 12/29/05 whereby People's sells, assigns, transfers, and conveys the subject Note and DOT to "Homecomings Financial Network, Inc." (hereinafter "HFN") This assignment circumvents the entire sale to EMC that was to have occurred in 05/01/04.

   This assignment also occurs within the same month that the subject loan was "paid off" within the BSAB 2004-HE4 Trust."
6. "The first "Notice of Default" which was recorded against the property on 06/28/06 as Doc. No. 2006-077544 states in paragraph 3, 'CAL-WESTERN RECONVEYANCE CORPORATION as Trustee, hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made except as recorded in the mortgage records of the county or counties in which the above described property is situate[d]' This statement confirms that no assignment was ever

recorded evidencing a sale from People's to any other Trust entity or the Trust itself. <u>This represents a fatal break in the chain of title.</u>"

The conclusion of the 2013 Paatalo audit as per his sworn declaration:

> "The failure to record the assignments and sales to the Trust entities, and the failure to disclose the Trust's interest in the subject Note and DOT and subsequent payoff of such, creates a fatal defect in the chain of title. Because the loan was sold to the BSAB 2004-HE4 Trust, as evidenced by the Bloomberg exhibits, and the fact that the subject loan was subsequently "paid off" within the trust, the parties now seeking to foreclose the Subramaniam DOT have no standing to seek such relief."

The facts, as stated on the face of the instruments submitted into court record by Plaintiff LNV support Defendant's claim that Plaintiff LNV manufactured what it submitted to the court as the "original" Note and its allonges after May 2013 and before November 2014 with intent to deceive and falsely imply a "cure" of the fatal break in Defendant's chain of title pointed out in the Paatalo declaration.

Ms. Richards and Judge Mosman, both being trained in law knew or should have known that these facts evidenced on the face of these three instruments defeated LNV's claim of standing to foreclose. In fact the court record as evidences this to be true.

Quoting from the "<u>Status Conference TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE MICHAEL W. MOSMAN...</u>" *Case 3:14-cv-01836-MO Document 92-1 Filed 09/03/15* beginning on Page 14 line 18 through to Page 16 line 17:

| | |
|---|---|
| THE COURT: | What relevance, if any, does a challenge to the authenticity of the original note have to do, in your view, with your motion? |
| MS. RICHARDS: | I don't think that -- well -- |
| THE COURT: | If the original note is inauthentic, that goes somewhere, doesn't it? |
| MS. RICHARDS: | I don't think that the defendant has any proof, aside from her allegations and her conclusory statements that the note and the allonge and the deed of trust are forgeries. |

| | |
|---|---|
| THE COURT: | That wasn't my question. My question was assuming that it is inauthentic, that would be relevant to the inquiry in this case, wouldn't it? |
| MS. RICHARDS: | I think that LNV is the holder of the note and I do not believe the note is forged. I have no reason to believe that the note is forged. |
| THE COURT: | So I didn't think I'd have to give you the same suggestion I gave your opponent, which is to answer that question I'm actually asking. **I'm not asking whether you believe the note is forged. I'm asking about the possible relevance of the things she's requested.** |
| | So she contends that with an opportunity to engage in discovery, she can uncover information that would reveal that the note is inauthentic, forged or otherwise. We're not going to go down that route if even being successful wouldn't help her in her case, but I'm under the impression that if she were successful in that endeavor, it would, in fact, have a lot to do with your motion, wouldn't it? |
| MR. WESTON: | Your Honor, may I interject? |
| THE COURT: | **No. It's a simple question. If she's right that the note is forged, is that relevant evidence to your motion?** |
| MS. RICHARDS: | I don't believe it is, Your Honor. |
| THE COURT: | Why not? |
| MS. RICHARDS: | I think that -- I think it goes back to during the course not only of this case, but also in the cases that have been previously dismissed. These are not new arguments, and it doesn't change the underlying facts of the case that defendant is in default. |
| THE COURT: | **Well, if she's in default on a note that's forged, then she's not in default in a way that matters for our case, right? You have to have an authentic note for her to be in default on it, don't you? Isn't that sort of the basic foundation of foreclosure?** |
| MS. RICHARDS: | I believe that if she is able to prove the note is forged, then it's possible that that would be relevant. I think that my position, though, is that there is not a shred of evidence either currently before the Court and in the record, nor could there possibly be any evidence that defendant can put forward to show that. |

Defendant knows the Note she was shown is in fact a forgery, but her problem was how to prove it. She asked the court to allow an expert in computer generated forgeries to examine this Note, but this was not permitted. Defendant only in the past few days discovered the evidence presented here. She did so while working with other Beal victims to prepare a formal criminal

complaint for the FBI. One of the other victims wanted her to place red boxes on the material we were pointing out to the FBI and in doing this she realized the allonge purports to convey to to **Residential Funding Company LLC** while the assignment purports to convey to **Homecomings Financial Network, Inc.** an impossibility.

Judge Mosman is named as a co-conspirator, along with three other federal judges and four state judges in the criminal complaint filed by Defendant and the other Beal victims. His behavior towards Defendant in this case has been egregiously biased to the point that any reasonable person would conclude he willfully conspired to derive Defendant of her civil rights under color of law.

Judge Mosman's ORDER is VOID because it was granted in opposition to established law, and contrary to the facts in court record. Summary judgment favoring LNV in this case was an egregious miscarriage of justice; and in violation of the United States Constitution.

**THEREFORE** Defendant moves this court to vacate Judge Mosman's ORDER and the Judgment for Foreclosure pursuant to Rule 60(b)(3), (4) and (6).

_____
Denise Subramaniam, Pro per

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record, pro-se parties and the United States Attorney General and the Attorney General of the State of Oregon via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested.

U.S. Department of Justice
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
202-514-2000


Gabrielle D. Richards | Perkins Coie LLP
1120 NW Couch Street
10th Floor
Portland, Oregon 97209-4128
D. +1.503.727.2255
F. +1.503.346.2255
grichards@perkinscoie.com


Respectfully Submitted,

_____
Denise Subramaniam

**Notice the 6/28/2006 recording date, and the conveyance is to <u>HOMECOMINGS</u> not GMAC-RFC.**

Washington County, Oregon  **2006-077542**
06/28/2006 03:24:13 PM
D-MA   Cnt=1 Stn=22 I REED
$10.00 $5.00 $11.00 - Total = $27.00

I, Richard Hobernicht, Director of Assessment and Taxation and Ex-Officio County Clerk for Washington County, Oregon, do hereby certify that the within instrument of writing was received and recorded in the book of records of said county.

Richard W. Hobernicht, Director of Assessment and Taxation, Ex-Officio County Clerk

**RECORD AND RETURN TO**
GMAC-RFC
One Meridian Crossing, Suite #100
Minneapolis, MN 55423
RECORD CENTER AND DOCUMENT
ROUTING 03-03-40
Litton # 18099663

## ASSIGNMENT OF DEED OF TRUST  10335983

For Value Received, PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION

, holder of a Deed of Trust (herein "Assignor") whose address is
7515 IRVINE CENTER DR., IRVINE, CA  92618
, does hereby grant, sell,
assign, transfer and convey, unto   Homecomings Financial Network, Inc.
, a corporation
organized and existing under the laws of                        (herein "Assignee"),
whose address is ONE MERIDIAN CROSSING, Suite 100, MINNERPOLIS, MN 56423
a certain Deed of Trust, dated 02/10/2004                   , made and executed by
DENISE SUBRAMANIAM

to Paul S. Cosgrove, Lindsay Harte, Law Off
                                                                Trustee, upon the
following described property situated in WASHINGTON                    , State
of Oregon:
[SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT] (struck through)
(A.P.N. #: R29757)
LEGAL DESCRIPTION:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

such Deed of Trust having been given to secure payment of ONE HUNDRED SEVENTY-SIX THOUSAND
AND 00/100                                                  ($ 176,000.00    )
                    (Include the Original Principal Amount)
which Deed of Trust is of record in Book, Volume, or Liber No.      , at page        (or
as No. 2004-019937 ) of the              Records of WASHINGTON
County, State of Oregon, together with the note(s) and obligations therein described, the money due and to
become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.
Oregon Assignment of Deed of Trust
with Acknowledgment

@-895W(OR) (9711).04           11/97
Page 1 of 2
VMP MORTGAGE FORMS - (800)521-7291
#10097572

41-42045

FIDELITY NATIONAL TITLE CO.

Exhibit A
Pg 1

**Notice Dana Lantry signed as <u>ASST. VICE PRESIDENT</u> of People's**

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on *12-29-05*

Witness *John Cardenas*

Witness *CARMEL MULLINS*

Attest

Seal:

PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION
(Assignor)

By: _____ (Signature)

Dana Lantry
Asst. Vice President

This Instrument Prepared By: First American Title Insurance Company, address: 200 SW Market. #150, Portland, OR 97201 , tel. no.:(503)790-7890

State of *CALIFORNIA*
County of *ORANGE*

This instrument was acknowledged before me on *12-29-2005*
by *DANA LANTRY, Asst. VICE PRESIDENT*

as *PEOPLE'S CHOICE HOME LOAN INC.* of

*Sergio Lomeli*

-995W(OR) (0711).04    Page 2 of 2

*#10097572*

SERGIO LOMELI
Commission # 1372949
Notary Public - California
Orange County
My Comm. Expires Sep 1, 2006

*Exhibit A pg 2*

**Notice conveyance on questioned Dana Lantry endorsed <u>allonge</u> is to <u>GMAC-RFC</u> not HOMECOMINGS and <u>Dana Lantry is now the Vice President</u> instead of <u>Asst. Vice President</u> of Peoples.**

